IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN COWEN, ALLEN BUCKLEY, AARON GILMER, JOHN MONDS, and the LIBERTARIAN PARTY OF GEORGIA, INC., a Georgia nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, in his official capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | CA No. 1:17cv04660-LMM |

**DEFENDANT BRIAN KEMP'S BRIEF IN SUPPORT
OF PARTIAL MOTION TO DISMISS**

## Introduction

Plaintiffs, individual voters and prospective candidates, together with the Libertarian Party of Georgia, filed this action challenging the constitutionality of Georgia's ballot access laws. Plaintiffs seek both injunctive relief and nominal damages from Secretary Kemp, in his official capacity. Doc. 1 p. 38.

Defendant now moves to dismiss Plaintiffs' complaint in part as barred by the Eleventh Amendment.

1

I.  **Plaintiffs' Claim for Nominal Damages is Barred by the Eleventh Amendment.**

The Eleventh Amendment bars actions against a State when the State is the real party in interest or when any monetary recovery would be paid from State funds. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *See also Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100-01(1984); *Williams v. Bd. of Regents of the Univ. Sys. Of Ga.*, 441 F.3d 1287, 1303 (11th Cir. 2006). This immunity extends to state officers sued in their official capacities. "[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . ." *Kentucky*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).[1]

There are three ways to override the Eleventh Amendment bar: (1) consent by the state to be sued in federal court on the claim involved; (2) waiver of immunity by a state, or (3) abrogation of immunity. *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 253 (1985); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72-77 (1996).

---

[1] While an exception to Eleventh Amendment immunity exists under *Ex Parte Young*, 209 U.S. 123 (1908), it is limited to suits against state officers sued in their official capacity for prospective injunctive relief. *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 69 n. 10 (1997). Here, Plaintiff seeks both injunctive relief and nominal damages. Doc. 1 p. 38.

### A. The State of Georgia has Not Consented to Suit.

In order to evidence consent that overrides the Eleventh Amendment bar, there must be an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Atascadero State Hosp.*, 473 U.S. at 238 n.1.  The State of Georgia has not consented to suit in federal court on *any* claim and has expressly preserved its sovereign immunity in the state constitution.  *See* GA. CONST. ART. I, § II, ¶ IX(f). Plaintiffs do not appear to allege otherwise.

### B. The State of Georgia has not Waived Eleventh Amendment Immunity.

A waiver of Eleventh Amendment immunity must be express.  "The Court will give effect to a State's waiver of Eleventh Amendment immunity only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305-306 (1990) (internal quotation and citation omitted).  Here, the State of Georgia has not waived its immunity as to any of Plaintiffs' claims.

### C. Congress has not Abrogated the State's Immunity.

The Supreme Court has held that in order to override the Eleventh Amendment, Congress must do so with "an unequivocal expression of

congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" *Pennhurst*, 465 U.S. at 99 (quoting *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). Here, there has been no valid abrogation of the State of Georgia's Eleventh Amendment immunity. The Supreme Court has repeatedly held that "§ 1983 does not override a State's Eleventh Amendment immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989); *Quern*, 440 U.S. at 342; *Kentucky*, 473 U.S. at 169 n.17.

Therefore, Plaintiffs' constitutional claims, brought pursuant to 42 U.S.C. § 1983, against Secretary Kemp in his official capacity for nominal damages, are barred by the Eleventh Amendment.

## CONCLUSION

For the foregoing reasons, Defendant prays that his Partial Motion to Dismiss be granted and the claim for nominal damages be dismissed.

    Respectfully submitted,

    CHRISTOPHER M. CARR
    Attorney General    112505

    ANNETTE M. COWART    191199
    Deputy Attorney General

    RUSSELL D. WILLARD    760280
    Senior Assistant Attorney General

/s/Cristina Correia
CRISTINA CORREIA          188620
Assistant Attorney General

JOSIAH B. HEIDT           104183
Assistant Attorney General


Attorneys for Defendant

Please address all
Communication to:
CRISTINA CORREIA
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
ccorreia@law.ga.gov
404-656-7063
404-651-9325

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Defendant's Brief in Support of Motion to Dismiss was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

## Certificate of Service

I hereby certify that on December 28, 2017, I electronically filed this Brief in Support of Partial Motion to Dismiss using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Bryan L. Sells
Law Office of Bryan L. Sells, LLC
P.O. Box 5493
Atlanta, GA  31107-0493

I hereby certify that I have mailed by United States Postal Service, postage prepaid, the document to the following non-CM/ECF participants:  NONE

This 28th day of December, 2017.

/s/Cristina Correia
Cristina Correia        188620
Assistant Attorney General