IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Martin Cowen**, et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>**Brian P. Kemp**, in his official capacity as Secretary of State of the State of Georgia,<br><br>    Defendant. | Case No. 1:17-cv-04660-LMM<br><br>**Plaintiffs' Response in Opposition to the Defendant's Partial Motion to Dismiss** |

Instead of filing an answer, the defendant in this case filed a partial motion to dismiss. (ECF 7.) The motion seeks only to dismiss the plaintiffs' prayer for nominal damages against the Secretary of State. The motion does not seek to dismiss either of the plaintiffs' constitutional claims in their entirety, nor does it seek to dismiss the plaintiffs' requests for declaratory and injunctive relief, which are the main focus of this case.

The defendant's motion has no merit. But, more importantly, the motion is merely a delay tactic. It has literally no bearing on the substance of this case, but it buys the defendant more time to respond to the plaintiffs' factual allegations. *See* Fed. R. Civ. P. 12 (a)(4). And it forestalls, for a short time, the resolution of this important constitutional matter.

Because this is an election case, time is of the essence. The clock is ticking. This Court need not, and should not, permit further delay. Instead, the Court should—as the Federal Rules expressly contemplate—immediately issue an order postponing the disposition of the defendant's motion until trial. *See* Fed. R. Civ. P. 12 (a)(4)(A). That will get the case moving again and force the defendant to answer within 14 days. It will also increase the likelihood that the Court will have the opportunity to decide this case on a more complete record—rather than on a motion for a preliminary injunction—before the next election.

If the Court decides instead to resolve the defendant's motion now, the Court can and should dispose of it quickly. Nominal damages for constitutional violations have long been available against state officials. *See Carey v. Piphus*, 435 U.S. 247 (1978); *Memphis Comm. Sch. Dist. v.*

*Stachura*, 477 U.S. 299 (1986); *Flanigan's Enters., Inc. v. City of Sandy Springs*, No. 14-15499 (11th Cir. Aug. 23, 2017) (en banc).

The Eleventh Circuit, sitting en banc, addressed the issue at length just a few months ago. *Flanigan's,* slip op. at 28-43. In *Flanigan's Enterprises*, the Eleventh Circuit considered whether a prayer for nominal damages could save an otherwise valid constitutional claim from mootness. Creating a circuit split on the issue, the court held that a prayer for nominal damages against a government official is not enough to save a claim from mootness. *Id.* at 36. But there was never any suggestion in the case that a prayer for nominal damages may not lie against government officials under 42 U.S.C. § 1983, and the court discussed the Supreme Court's cases holding that it does.

If there is any open question on the issue, it is whether a claim for nominal damages must be brought against a government official in the individual's official capacity or personal capacity. The *Ex Parte Young* exception to sovereign immunity normally applies only to declaratory and injunctive relief, and claims for compensatory damages must be brought against the responsible official in the individual's personal capacity. *See Edelman v. Jordan*, 415 U.S. 651, 664 (1974). *Will v.*

3

*Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Ex parte Young*, 209 U.S. 123 (1908). But neither the Supreme Court nor the Eleventh Circuit has ever definitively decided whether, for *Ex Parte Young* purposes, nominal damages should be treated like compensatory damages or like declaratory relief.

The defendant suggests in a footnote that the Supreme Court decided the issue in *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.10 (1997). It did not. The Court did discuss nominal damages, but it decided the case without reaching that particular issue. The Ninth Circuit in that case had determined that a claim was not moot on account of a prayer for nominal damages under § 1983 against the State of Arizona. *Id.* at 61-62. The Supreme Court reversed because § 1983 actions will not lie against a state and, in any event, Arizona was not a party to the litigation. *Id.* at 69-70. The claim for nominal damages was simply unavailable. Thus, although it noted in a footnote that *Ex Parte Young* does not permit monetary awards against a state, *id.* at 69 n.24, the Court did not address or decide the issue of whether a claim for nominal damages must be brought against a state official in a personal capacity.

More relevant is the Eleventh Circuit's recent decision in *Flanigan's Enterprises*. Although the court did not address the issue squarely, it did express the view (which is widely shared) that nominal damages should be treated like declaratory relief. *Flanigan's*, slip op. at 38 n.22. Under that view, a claim for nominal damages could be brought against a state official in the individual's official capacity under the *Ex Parte Young* doctrine because nominal damages, like injunctive and declaratory relief, do not imperil the state treasury.

Ultimately, the whole issue makes no difference at this point. In light of the State's decision not to waive sovereign immunity with respect to nominal damages, the plaintiffs could re-plead to add a personal-capacity claim against the Secretary of State if necessary. As a result, the Court should either postpone decision on the motion to a later time or deny it forthwith so that this case can proceed on its merits.

Respectfully submitted this 1st day of January, 2018.

**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing PLAINTIFFS' RESPONSE IN OPPOSITION TO THE DEFENDANT'S PARTIAL MOTION TO DISMISS was prepared in 13-point Century Schoolbook in compliance with Local Rules 5.1(C) and 7.1(D).


**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that on January 1, 2018, I electronically filed the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO THE DEFENDANT'S PARTIAL MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Bryan L. Sells: bryan@bryansellslaw.com
Christina Correia: ccorreia@law.ga.gov


**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com