IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN COWEN, ALLEN BUCKLEY, AARON GILMER, JOHN MONDS, and the LIBERTARIAN PARTY OF GEORGIA, INC., a Georgia nonprofit corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, in his official capacity as Secretary of State for the State of Georgia,<br><br>　　　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*　CA No. 1:17cv04660-LMM<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**DEFENDANT BRIAN KEMP'S REPLY BRIEF IN SUPPORT
OF PARTIAL MOTION TO DISMISS**

Plaintiffs' response brief accuses Defendant of delay tactics while admitting that the exception from Eleventh Amendment immunity in *Ex Parte Young*, 209 U.S. 123 (1908) "normally applies only to declaratory and injunctive relief." Doc. 8 at 3. Plaintiffs' Complaint includes a request for nominal damages against a state officer in his official capacity. Doc. 1 at 38 ¶ 6. Nominal damages are not prospective relief and are therefore barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

1

Nothing in *Flanigan's Enters. v. City of Sandy Springs*, 868 F.3d 1248 (11th Cir. 2017) (*en banc*) is to the contrary. The issue in *Flanigan's* was whether a claim for nominal damages was sufficient for the Court to retain jurisdiction in an otherwise moot case. The Eleventh Circuit held that:

> Nominal damages, like declaratory relief, are a remedy that may be granted by the federal courts upon a proper exercise of our jurisdiction; they are not themselves an independent basis for that jurisdiction.

868 F.3d at 1268-1269. Nothing in the Court's opinion suggests that nominal damages are prospective relief not subject to the Eleventh Amendment's bar.

Plaintiffs' statement that "neither the Supreme Court nor the Eleventh Circuit has ever definitively decided whether, for *Ex Parte Young* purposes, nominal damages should be treated like compensatory damages or like declaratory relief," is simply incorrect. In *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996), the Eleventh Circuit reversed, under a clearly erroneous standard, a district court's award of nominal damages against a state official in his official capacity as barred by the Eleventh Amendment. This case is no different. Plaintiffs have sued a state officer in his official capacity for, among other things, nominal damages. Doc. 1 at 38 ¶ 6. The nominal damages claim is barred and should be dismissed.[1]

---

[1] Plaintiff does not argue that the State has consented to a suit for nominal damages, waived its Eleventh Amendment immunity, or that Congress has

2

Finally, Plaintiffs' suggestion that this Court may simply postpone ruling on the Eleventh Amendment issue ignores the Eleventh Circuit's repeated admonition that Eleventh Amendment issues are to be decided *before* a case progresses to discovery. *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (holding that "requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses [was] inconsistent with . . . decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted.").

Finally, Supreme Court precedent plainly instructs that immunity issues should be resolved where possible before commencement of discovery, and that the denial of these immunities on legal grounds is immediately appealable. *See e.g. Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985) (addressing qualified immunity). The plain import is that immunity issues are recognized as threshold issues that should be resolved before further litigation occurs in the case.

---

abrogated the State's immunity; the only three ways to override the immunity. *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 253 (1985); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72-77 (1996).

## CONCLUSION

For the foregoing reasons, Defendant prays that his Partial Motion to Dismiss be granted and the claim for nominal damages be dismissed.

                                        Respectfully submitted,

CHRISTOPHER M. CARR
Attorney General           112505

ANNETTE M. COWART    191199
Deputy Attorney General

RUSSELL D. WILLARD    760280
Senior Assistant Attorney General

/s/Cristina Correia
CRISTINA CORREIA       188620
Assistant Attorney General

JOSIAH B. HEIDT          104183
Assistant Attorney General

Attorneys for Defendant

Please address all
Communication to:
CRISTINA CORREIA
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
ccorreia@law.ga.gov
404-656-7063
404-651-9325

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Defendant's Brief in Support of Motion to Dismiss was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

## Certificate of Service

I hereby certify that on January 12, 2018, I electronically filed this Brief in Support of Partial Motion to Dismiss using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

> Bryan L. Sells
> Law Office of Bryan L. Sells, LLC
> P.O. Box 5493
> Atlanta, GA  31107-0493

I hereby certify that I have mailed by United States Postal Service, postage prepaid, the document to the following non-CM/ECF participants:  NONE

This 12th day of January, 2018.

/s/Cristina Correia
Cristina Correia        188620
Assistant Attorney General