IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN COWEN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN P. KEMP, *in his official capacity as Secretary of State of the State of Georgia*, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:17-CV-04660-LMM |

## ORDER

This case comes before the Court on Defendant Brian Kemp's Partial Motion to Dismiss [7]. After due consideration, the Court enters the following Order.

**I.   BACKGROUND**

Plaintiffs are Georgia voters, prospective candidates for the U.S. House of Representatives, and the Libertarian Party of Georgia. Dkt. No. [1] ¶ 2. They challenge the constitutionality of Georgia's ballot-access law for third-party candidates for the U.S. House of Representatives. Id. ¶¶ 1–2. Plaintiffs bring suit under 42 U.S.C. § 1983 alleging that Georgia's ballot-access law unconstitutionally burdens their rights in violation of the First and Fourteenth Amendments to the U.S. Constitution. Id. ¶¶ 2, 4. Plaintiffs seek declaratory relief, injunctive relief, nominal damages, and attorneys' fees. Id. at 37–39.

Defendant has filed a Partial Motion to Dismiss seeking to dismiss Plaintiffs' claims for nominal damages. Dkt. No. [7]; see Dkt. No. [7-1] at 2.

## II.   LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be based on a facial or factual challenge to the complaint. McElmurray v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1251 (11th Cir. 2007) (citing Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. May 1981)). A facial attack "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," and for purposes of the motion, Plaintiff's allegations in the complaint are taken as true. McElmurray, 501 F.3d at 1251 (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)) (alterations omitted). To the contrary, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." McElmurray, 501 F.3d at 1251 (quoting Lawrence, 919 F.2d at 1529).

## III.   DISCUSSION

Defendant has moved to dismiss Plaintiffs' claims for nominal damages under Rule 12(b)(1) as barred by the Eleventh Amendment to the U.S. Constitution. Dkt. No. [7-1] at 2. Because Defendant asserts only a facial challenge to the Court's subject matter jurisdiction, the Complaint's allegations are accepted as true. See McElmurray, 501 F.3d at 1251. "Absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages

action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985).[1] This immunity extends to State officials who are sued for damages in their official capacity.[2] Id. As the Supreme Court has explained, "[t]hat is so because . . . a judgment against a public servant in his official capacity imposes liability on the entity that he represents." Id. (quotations omitted and alteration adopted). In this case, the State of Georgia has not consented to suit nor waived its Eleventh Amendment immunity. See Ga. Const. art. I, § II. Neither has Congress abrogated the State's Eleventh Amendment immunity with regard to Plaintiffs' claims.

Plaintiffs do not appear to dispute the lack of waiver or abrogation in this case. Instead, they make two other arguments, both of which are unavailing. First, Plaintiffs point out that in other cases, nominal damages were available against state officials. Dkt. No. [8] at 2–3 (citing Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299 (1986); Carey v. Piphus, 435 U.S. 247 (1978)). However, while those cases do acknowledge that plaintiffs may seek nominal damages for constitutional violations as a general matter, they are silent as to Eleventh Amendment immunity as well as whether the state officials were sued in their *individual* (as opposed to official) capacities. See Stachura, 477 U.S. at 308 &

---

[1] The Supreme Court has held that Section 1983 does not abrogate a State's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 346 (1979).

[2] As Secretary of State of the State of Georgia, Defendant Kemp is undoubtedly a state official. See Ga. Const. art. V, § IV, ¶ I; Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

n.11; Carey, 435 U.S. at 266–67. To the contrary, both the Supreme Court and the Eleventh Circuit have repeatedly held that, absent waiver or abrogation, States, including state officials in their official capacities, may not be sued for monetary damages. See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 70–71 (1989); Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996) (reversing an award of nominal damages against a state court judge in his official capacity as barred by the Eleventh Amendment). Second, Plaintiffs argue that the Eleventh Circuit's recent en banc decision, Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, 868 F.3d 1248 (11th Cir. 2017) (en banc), expressed that claims for nominal damages under Section 1983 should be treated like claims for declaratory relief. Dkt. No. [8] at 3–5. The Court's reading of Flanigan's, however, is more limited. In that case, the Eleventh Circuit held that a claim for retrospective nominal damages was not sufficient, standing alone, to save a case from mootness. Flanigan's, 868 F.3d at 1252–53. Although in reaching that holding, the majority opinion analogized nominal damages to declaratory relief, see id. at 1268–69 & n.22, it never cast doubt upon both its and the Supreme Court's longstanding holdings that the Eleventh Amendment bars private plaintiffs from seeking monetary damages against the States and their officials. As a result, the Court finds that Plaintiffs' claims for nominal damages against Defendant Kemp in his official capacity as Secretary of State of the State of Georgia must be dismissed.

## IV.   CONCLUSION

In accordance with the foregoing, Defendant's Partial Motion to Dismiss [7] is **GRANTED**. Plaintiffs' claims for nominal damages against Defendant in his official capacity are **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED** this **25**th day of January, 2018.

                                                  **Leigh Martin May**
                                                  **United States District Judge**