IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Martin Cowen**, et al., | Case No. 1:17-cv-04660-LMM |
| Plaintiffs, | |
| vs. | |
| **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, | **Declaration of Martin Cowen** |
| Defendant. | |

1.     My name is Martin Cowen. I am a registered voter in Georgia's Thirteenth Congressional District and I meet all of the qualifications for the office of U.S. Representative GA13.

2.     I was admitted to the practice of law in Georgia in 1975. While I am presently a mostly retired lawyer, I practiced law from 1975 to present. My first year as a lawyer, I was a law clerk for Justice Gunter of the Supreme Court of Georgia. For a period of a few years until December 2015, I was, by appointment, an Associate Judge of the Probate Court of Clayton County, Georgia.

3.     I am married. My wife and I have two sons, ages 17 and 21. Our 21-year-old is totally disabled and my most important function in life is that of stay-at-home dad.



Plaintiff's SJ Exhibit

005

1

4.     To the best of my recollection I attended the first state convention of the

Libertarian Party of Georgia in 1972.

5.     I have self-identified as a Libertarian since that time.

6.     I am a member of the Libertarian Party of Georgia. I am a Lifetime member

of the National Libertarian Party.

7.     I attended National Libertarian Party Conventions in 2016 and 2018. I have

prepaid to attend the 2020 National Libertarian Party Convention in 2020.

8.     I was nominated to be the Libertarian Party of Georgia candidate for U.S.

Representative GA13 in 2018.

9.     My policy positions include these:

- Stop Undeclared Wars. Enforce Art. I, Sec. 8, U.S. Constitution.
- Abolish VA. Give disabled veterans Congress's health care plan.
- Privatize Health Care
- Eliminate Student Loan Program. Make existing loans bankruptable.
- Protect Second Amendment Rights
- Abolish TSA. Stop sexually assaulting passengers. Stop subsidizing the airlines.
- Stop NSA surveillance of Americans. Protect our Fourth Amendment Rights.
- Repay National Debt by Selling Federal Lands and other Assets
- Reduce Federal Spending

10.     I participated in circulating my Nomination Petition among the registered

voters in GA13 (parts of Henry, Clayton, Fayette, Fulton, and Cobb counties and all of

Douglas County, Georgia) as required by Georgia law as a condition of appearing on the

ballot. I was advised by the Secretary of State that my signature requirement was 20,188

signatures. I paid the $5,220 filing fee to the Secretary of State of Georgia as required by

2

law. I timely filed my Nomination Petition with the Defendant Secretary of State of

Georgia. On or about August 15, 2018, I was notified by the Secretary of State of

Georgia that I would not appear on the ballot as the nominated candidate of the

Libertarian Party of Georgia, on the grounds that "your total number of signatures

submitted is 620. This is not a sufficient number of signatures to fully qualify as a

Libertarian Party candidate for election…." Therefore, I qualified as a write-in candidate.

According to the Secretary of State of Georgia, I received 93 write-in votes in the general

election.

      11.    I have made filings with the Federal Elections Commission and the U.S.

House of Representatives as is required of candidates for U.S. Representative. All of

those filings are online public records and are easily accessible on the Internet.

      12.    The process of seeking signatures on the nomination petitions was

extremely difficult. The signature collection window was open from on or about January

11, 2018, to on or about July 9, 2018.

      13. My petition collection efforts included, but were not limited to, the following:

        a.  I personally circulated my Nomination Petition on these dates (these dates

            are transferred by me from my Nomination Petition as filed with the

            Defendant and, upon in formation and belief, are accurate):

              i.  Signatures from Clayton County, Georgia: 1/11/18, 1/13/18,

                  1/15/18, 1/19/18, 1/20/18, 1/25/18, 1/26/18, 1/29/18, 2/5/18, 2/8/18,

                  2/15/18, 2/16/18, 2/26/18, 3/5/18, 3/11/18, 3/15/18, 3/20/18,

                  3/22/18, 4/6/18, 4/7/18, 4/13/18, 4/17/18, and 5/3/18.

      ii.  Signatures from Cobb County, Georgia: 4/5/18

      iii.  Signatures from Fayette County, Georgia: 1/30/18 and 2/1/18

      iv.  Signatures from Henry County, Georgia: 2/3/18, 2/10/18, 3/4/18, 3/18/18, 3/24/18, 3/25/18, 3/31/18, 4/14/18, 4/15/18, 4/21/18, 4/28/18, 4/21/18, 5/5/19, and 5/19/18.

  b.  I asked a number of people to circulate my Nomination Petition. I have received actual product from some circulators. My Nomination Petition, on file with the Defendant, will show the names of those helpers who produced.

14. Based upon my best estimate of an average of three hours per day of circulation and counting 40 days of circulation as stated above, I estimate that I personally spend in excess of 120 hours circulating my Nomination Petition.

15. Among the problems I have faced these:

  c.  entire subdivisions barred by the presence of "No Soliciting" signs;

  d.  an entire subdivision barred by emphatic "No Trespassing" signs [attached as exhibits are photographs of the entrance to "Crown Chase" subdivision in Henry County, Georgia, while I was personally circulating my petition on April 28, 2018, at 1:48 p.m., and the very threatening signs nearby at the entrance to "Crown Chase"];

  e.  individual houses barred by "No Trespassing" signs [attached as exhibits are 13 photographs taken on May 19, 2018, between 1:12 p.m. and 3:07

4

p.m. while I was personally circulating my petition in Henry County, Georgia];

f. houses with inaccessible front doors (behind screened porches or gates);

g. voters at home who do not answer their doors;

h. entire communities that are gated;

i. Federal legal requirement to pay owners of corporate property to petition on the corporate property in order to avoid illegal "in-kind" contributions from corporations (I never actually did this, but inquired of the Federal Election Commission [FEC] about the matter).

16.     I believe that I have filed appropriate documents with the FEC declaring my candidacy for 2020, FEC Form 2, amendment filed 11-7-2018, available online at FEC.gov. My campaign is currently active with the FEC. I believe that I have filed the appropriate Financial Disclosure Reports with the U.S. House of Representatives, including a filing on 5-2-2019 (subsequently amended), available online at House.gov.

17.     I have personally made contributions and loans to my campaign committee, Cowen for Congress, FEC Id. No. C00672352. According to my recent filing with the FEC for the period ending March 31, 2019 (Form F3), loans from me to Cowen for Congress total $15,420.00, though that total has been reduced in the current period.

18.     I made a genuine effort to qualify for the ballot in 2018. As stated above, I actually received 93 write-in votes according to the Secretary of State of Georgia website.

19.    I want to appear on the general election ballot in 2020 as the nominee of the Libertarian Party of Georgia. I want to serve the voters of GA13 as their U.S. Representative beginning in 2021.

20.    My experience in 2018 convinces me that it is virtually impossible to qualify for the general-election ballot in Georgia as a third-party candidate for U.S. Representative under present law. The number of signatures required is simply too great to gather in the allotted time.

21.    Because I have a high confidence that the Plaintiffs will prevail in this lawsuit by complete elimination of the signature requirement, I am again pursuing the nomination of the Libertarian Party of Georgia to be their candidate for U.S. Representative GA13 and I am campaigning to be elected by the GA13 voters on November 3, 2020.

22.    The requirement to pay $5,220 to the Secretary of State of Georgia as a condition to appear on the ballot is a sufficient barrier to ballot access for the purpose of excluding "non-serious" candidates.

23.    As stated above, I am actively campaigning to become the nominee of the Libertarian Party of Georgia for U.S. Representative GA13 in 2020. I am actively campaigning to be elected U.S. Representative GA13 on November 3, 2020. One of my main campaign activities is communicating with politicians (mostly current office holders) by mail. I have an online presence in the form of my CowenforCongress.com website. I am active on Twitter @mlcowen. I am active on my CowenforCongress Facebook page. I have performed community service recently with the Libertarian Party

6

of Atlanta. I met with a potential Libertarian candidate and a party activist recently in Newnan. I assisted the Libertarian Party of Georgia with its recent fund raising efforts in support of the present litigation (court costs) by promoting the fundraiser online on social media.

24.    I will continue these various efforts. I will attend the Libertarian Party of Georgia state convention in 2020 and seek their nomination for Libertarian candidate U.S. Representative GA13. I will attend the 2020 Libertarian Party National Convention in Austin, TX to promote my candidacy. I expect to pay for a table at the LP National convention site.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 31, 2019.

Martin Cowen
Jonesboro, Georgia































