IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Martin Cowen**, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, <br><br> Defendant. | Case No. 1:17-cv-04660-LMM <br><br> **Declaration of Jay Fisher** |

1. My name is Jay Fisher. I am a resident and registered voter in the State of Colorado. I am a former resident and registered voter in Georgia's Sixth Congressional District.

2. I am a practicing attorney and part-time paramedic.

3. In 2006, I was the Libertarian Party's nominee for U.S. Representative in Georgia's Sixth Congressional District.

4. I ran on a platform of opposition to the Iraq War and to the Patriot Act, both of which were supported by the then-incumbent Republican representative, Dr. Tom Price.

Plaintiff's SJ Exhibit 007

5. I made a genuine effort to gather signatures to qualify for the general-election ballot. I needed approximately 19,000 valid signatures.

6. I assembled a team of approximately five volunteers and gave each of them a portion of the district to canvass for signatures. I also went door-to-door myself.

7. I interviewed several professional petition circulators and considered hiring them to help me qualify for the ballot. Based on my conversations with them, I was convinced that I would need to collect at least 30,000 raw signatures in order to qualify for the ballot because the Secretary of State's office routinely rejects so many signatures.

8. Gathering signatures was frustrating and difficult work. Rather than engaging with voters on the issues, I had to spend time educating voters on Georgia's ballot-access laws and explain why I needed their signature and personal information. Many voters I encountered were hesitant to give this information to a stranger and did not understand why I needed it.

9. I also found that my ideas could not get any traction in the media because I was not yet on the ballot.

10. After a while, I realized that I would not be able to qualify for the ballot using volunteer petitioners, and the option of using paid petition-circulators was too expensive. I therefore abandoned my effort to qualify for the ballot and did not submit the signatures that my team had gathered.

11. My experience in 2006 convinced me that Georgia's signature requirement for third-party candidates for U.S. Representative are not realistically achievable —at least not without a lot of money for professional petition-circulators.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 31st, 2019.

_____
Jay Fisher
Parker, Colorado

3