## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**Martin Cowen**, et al.,

     Plaintiffs,

 vs.

**Brian P. Kemp**, in his official capacity as Secretary of State of the State of Georgia,

     Defendant.

Case No. 1:17-cv-04660-LMM

**Declaration of
Richard Winger**

## Introduction

1.    My name is Richard Winger, and I have been retained by the plaintiffs to analyze Georgia's ballot-access laws for third-party candidates for U.S. Representative.

2.    My analysis leads me to the following conclusions:

a.    Georgia requires more signatures for third-party candidates for U.S. Representative to appear on the general-election ballot than any other state in the nation, both as a percentage of votes cast and as an absolute number of signatures.

Plaintiff's SJ Exhibit

022

b.    Among the states that require third-party candidates for U.S. Representative who qualify for the general-election ballot by petition to pay a qualifying fee, Georgia's qualifying fees are higher than any other state in the nation.

c.    Georgia's elections for U.S. Representative are among the most uncompetitive in the nation.

d.    Georgia's ballot access scheme is not necessary to ensure that third-party candidates have a modicum of support.

e.    Georgia's ballot access scheme is not necessary to reduce the number of run-off elections.

## Professional Background and Experience

3.    I graduated from the University of California at Berkeley in 1966 with a B.A. degree in political science.

4.    Since 1985 I have published a newsletter, Ballot Access News (12 issues per year), which covers legal, legislative and political developments of interest to third parties and independent candidates.

5.    For 53 years I have researched the ballot-access laws of all states, for the period 1888 to the present (there were no ballot access laws in the U.S. before 1888 because there were no government-printed ballots until that year).

2

6.     Appendix A to this declaration contains a copy of my current Curriculum Vitae which includes a complete list of all publications that I have authored in the past 10 years and all other cases in which I have testified as an expert in the last four years.

7.     I am receiving no compensation for my work in this case.

## Analysis

## I.     Other States' Signature Requirements

8.     Appendices B and C to this declaration contain a summary of the signature requirements for a third party to obtain ballot access for a full slate of candidates for U.S. Representative in 2016 and 2018, respectively, in each of the 50 states.

9.     As those appendices show, Georgia requires more signatures for third-party candidates for U.S. Representative to appear on the general-election ballot than any other state in the nation, both as a percentage of votes cast and as an absolute number of signatures.

10.     In 2016, Georgia law required more than 259,500 valid signatures for a third party to run a full slate of candidates for U.S. Representative.  This number represents more than 6.3 percent of all votes cast in Georgia for president in 2016.

11.     In 2018, Georgia law requires more than 272,000 valid signatures for a third party to run a full slate of candidates for U.S. Representative.

This number represents more than 6.6 percent of all votes cast in Georgia for president in 2016.

12.     The state that required the next-highest number of signatures for a third party to run a full slate of candidates for U.S. Representative was Illinois, which required approximately 178,400 valid signatures in 2016 and 262,000 valid signatures in 2018.  These numbers represent approximately 3.2 percent and 4.7 percent of all votes cast in Illinois for president in 2016, and they would have qualified 18 candidates.

13.     The state that required the third-highest number of signatures for a third party to run a full slate of candidates for U.S. Representative in 2016 and 2018 was New York, which required approximately 94,500 valid signatures.  This number represents approximately 1.2 percent of all votes cast in New York for president in 2016, and it would have qualified 27 candidates.

14.     Thirty states required 10,000 or fewer signatures for an unqualified third party to run a full slate of candidates for U.S. Representative in 2016. In 2018, that number was 29.

15.     In some states, moreover, it is possible for third parties to qualify to nominate candidates for U.S. Representative without submitting any signatures.

4

## II.   Other States' Qualifying Fees

16.    Appendix D to this declaration contains a summary of the qualifying-fee requirements for a third party to obtain ballot access for a full slate of candidates for U.S. Representative in each of the 50 states.

17.    As that appendix shows, most other states do not require third-party candidates for U.S. Representative who qualify for the general-election ballot by petition to pay a qualifying fee at all.  Among the states with a mandatory petition, Georgia's qualifying fees are higher than any other state in the nation.

18.    Georgia law requires $5,220 for a single congressional candidate and $73,080 for a third party to run a full slate of candidates for U.S. Representative.

19.    The state that requires the second highest qualifying fees for third-party candidates for U.S. Representative who qualify for the general-election ballot by petition is North Carolina, which has a qualifying fee of $1,740 (one percent of the annual salary of U.S. Representative) for a single candidate and $22,620 for a third-party to run a full slate of thirteen candidates for U.S. Representative.

20.    The state that requires the third highest qualifying fees for third-party candidates for U.S. Representative who qualify for the general-election ballot by petition is West Virginia, which has a qualifying fee of $1,740 (one

5

percent of the annual salary of U.S. Representative) for a single candidate
and $5,220 for a third-party to run a full slate of three candidates for U.S.
Representative.

## III.   Uncontested Congressional Elections

21.    Appendix E to this declaration contains a compilation of the
number of uncontested elections for U.S. Representative in each state over
the last three election cycles.

22.    As this appendix shows, Georgia's elections for U.S.
Representative are among the most uncompetitive in the nation.

23.    In the three election cycles from 2012 through 2016, Georgia has
had 15 unopposed races for U.S. Representative—more than any other state
in the nation.  That number represents almost 36 percent of its races for U.S.
Representative over that period, which is a greater share than any other
state in the nation except Massachusetts.

24.    In 2016, the winning candidate ran unopposed in the general
election in five (35.7%) of Georgia's 14 congressional districts: the First,
Ninth, Tenth, Thirteenth, and Fourteenth.  No other state had more than
four unopposed races for U.S. Representative in 2016, and only two states,
Alabama (42.8%) and Massachusetts (44.4%), had a greater share of their
races for U.S. Representative unopposed.

6

25.    In 2014, the winning candidate ran unopposed in the general election in seven (50.0%) of Georgia's 14 congressional districts: the Third, Fourth, Fifth, Eighth, Eleventh, Thirteenth, and Fourteenth.  No other state had more than six unopposed races for U.S. Representative in 2014, and only one state, Massachusetts (66.7%), had a greater share of its races for U.S. Representative unopposed.

26.    In 2012, the winning candidate ran unopposed in the general election in three (21.4%) of Georgia's 14 congressional districts: the Third, Eighth, and Tenth. No other state had more than two unopposed races for U.S. Representative in 2012, and only two states, Kansas (25%) and Massachusetts (22.2%), had a greater share of their races for U.S. Representative unopposed.

## IV.    Georgia's signature requirement is higher than necessary.

27.    Appendix F to this declaration contains a table listing the highest signature requirement ever met by an independent or minor-party candidate for U.S. Representative in each state.

28.    As this appendix shows, Georgia's signature requirement is substantially higher than necessary to ensure that third-party candidates have a modicum of support.

29.    In the entire history of the United States, only independent or minor-party candidates for U.S. Representative have ever overcome a

7

signature requirement as high as 10,000 signatures. Only one such candidate has ever overcome a petition requirement higher than 15,000 signatures.

30.    The first was in Ohio in 1954, when the incumbent in the Ninth Congressional District in Toledo, Frazier Reams, met the requirement of 12,919 signatures.

31.    The second was in Montana in the regular at-large election in 1994, when Steve Kelly successfully met the requirement of 10,186 signatures.

32.    The third was in California in 1996, when Steven Wheeler in the Twenty-Second Congressional District met the requirement of 10,191 signatures.

33.    The fourth was in 1998, when the Reform Party nominee in the Fifth Congressional District in Florida, Jack Gargan, met the requirement of 12,141 signatures.

34.    The fifth was in 2008, when Cindy Sheehan in California's Eighth Congressional District in San Francisco met the requirement of 10,198 signatures.

35.    The last instance was in 2010, when the Service Employees International Union drafted independent candidate Wendall Fant and successfully collected the needed 16,292 signatures in the Eighth Congressional District in North Carolina.  However, after the petition was

checked, Fant declined to run, so the petition success had no observable concrete consequence.

36.     In four the six instances when an independent or minor-party candidate for U.S. Representative satisfied a signature requirement as high as 10,000 signatures, the time period to collect the signatures was unlimited. In the Florida instance, the candidate had six and one-half months to collect signatures, and in the California instances, four and one-half months were allowed.

37.     Illinois has a unique system in which all petitions are deemed valid unless they are challenged.  Petitions are not checked unless someone files a challenge, even if the petition has only a single signature.  Concerning petitioning attempts in Illinois, only instances when a petition was challenged are included.  Illinois has never had a successful petition attempt for U.S. House if the petition requirement was 10,000 or greater and the petition was challenged.

## V.     General Runoffs

38.     Georgia's ballot-access restrictions are not necessary to reduce the number of run-off elections, especially runoffs in a general election for federal offices.

39.     Georgia is one of only two states to use runoffs in general elections.  Louisiana is the other.

40.   Georgia has had only two general runoffs for the United States Senate since 1988, when the Libertarian Party became qualified to nominate candidates for U.S. Senator without a petition.

41.   Runoff elections can be avoided altogether by using ranked-choice voting.

42.   Maine uses ranked-choice voting in congressional primaries, several states use ranked-choice voting in congressional primaries for voters who are eligible to cast votes under the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 52 U.S.C. § 20301 et seq., and Louisiana uses ranked-choice voting in general elections for UOCAVA voters.

## Conclusion

43.   Based on the foregoing, it is my opinion that Georgia's ballot access scheme is not necessary to ensure that third-party candidates have a modicum of support or to reduce the number of run-off elections.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 20, 2018.

Richard Winger
San Francisco, California

10

APPENDIX A

Richard Winger Curriculae Vitae
3201 Baker Street
San Francisco, California 94123
Updated March 13, 2018

EDUCATION
>BA, Political Science, University of California, Berkeley, 1966
>Graduate study, Political Science, UCLA, 1966-67

EMPLOYMENT
>*Ballot Access News*, Editor 1985-Present
>Editor of newsletter covering legal, legislative and political developments of interest to minor parties and independent candidates. Researcher of ballot access laws of all 50 states from years 1888-present; well versed in how ballot access laws of each state work historically and how they compare to each other. Responsible for reading all statutes, regulations, legal opinions, and state attorney general opinions on rights of political parties and the publications of minor parties.
>
>On the Editorial Board of *Election Law Journal*, published by Mary Ann Liebert, Inc., Larchmont, N.Y., since 2001.

PUBLICATIONS
>Wrote a chapter or two in each of these books:
>
>*America Votes!  A Guide to Modern Election Law and Voting Rights,* 2nd edition, 2012, published by the American Bar Association's Section of State and Local Government Law, editor Benjamin E. Griffith.
>
>*Others, Vol. 2, Third Parties During The Populist Period,* by Darcy G. Richardson (2007: iUniverse, Inc., New York).  Wrote the book's Appendix, "Early Ballot Access Laws for New and Minor Parties."
>
>*Democracy's Moment*
>edited by Ronald Hayduk and Kevin Mattson (2002:  Rowman & Littlefield, Lanham,

Md.)

>*The Encyclopedia of Third Parties in America*
>edited by Immanuel Ness and James Ciment (2000:  M.E. Sharpe, Inc., Armonk, N.Y.)
>
>*Multiparty Politics in America*
>edited by Paul S. Herrnson (1997:  Rowman & Littlefield, Lanham, Md.)
>
>*The New Populist Reader*
>edited by Karl Trautman (1997:  Praeger, Westport, Ct.)
>
>Additional articles published in these periodicals:
>*University of Arkansas Little Rock Law Review*
>*Wall Street Journal*
>*American Review of Politics*
>*The Long Term View*
>*University of Mass. Law Review*
>*California Journal*
>*Election Law Journal* (two articles)
>*Cleveland State Law Review*
>*Chronicles Magazine*

1

APPENDIX A

*Price Costco Connection*
*Fordham Urban Law Journal*
*Fordham Law Review* (December 2016)
*The Hill*
*Harvard Law Record*

Also, I have wrote "Election Law Decisions" in each issue of the newsletter of the American Political Science Association's Section on Representation and Electoral Systems, which appears twice a year, 2005-2010.

NATIONAL INTERVIEWS on Minor Parties, Independents, Ballots and Ballot Access

| | |
|---|---|
| *NBC* | *National Public Radio* |
| *ABC* | *Pacifica Radio* |
| *CNN* | *MSNBC* |

CASES:  TESTIMONY or AFFIDAVITS (political party or candidate prevailing, or case pending)

**Alabama**: Hall v Bennett, U.S. Dist. Ct., m.d., 2:13cv-663, decision of Sep. 30, 2016. Court ruled that 3% petition for independent U.S. House candidates in special elections is too restrictive, given the short petitioning period for special elections.  De La Fuente v Merrill, m.d., 2:16cv-755, pending.  Presidential primaries and sore loser laws.

**Alaska**: Libertarian Party v Coghill, state superior court, 3rd dist., 3AN-92-08181, 1992 Court issued injunction enjoining enforcement of petition deadline for minor parties.

**Arizona**: Campbell v Hull, 73 F Supp 2d 1081 (1999). Az. Libt. Party v Hull, superior ct., Maricopa Co. 96-13996, 1996.  Nader v Brewer, 531 F 3d 1028 (9ᵗʰ cir., 2008). Libertarian Party of Az v. Reagan, 2:16cv-1019.

**Arkansas**: Citizens to Establish a Reform Party v Priest, 970 F Supp 690 (E.D. Ark. 1996). Green Party of Ark. v Priest, 159 F.Supp.2d (E.D. Ark. 2001). Green Party of Ark. v Daniels, U.S. District Court, 448 F.Supp 2d 1056 (E.D.Ark. 2006).  Moore v Martin, 854 F 3d 1021.

**California:**  California Democratic Party v Jones, 530 US 567 (2000). California Justice Committee v Bowen, 2012 WL 5057625 (C.D.Cal.).  Independent Party of California v Padilla, pending in the 9ᵗʰ circuit, 16-15895. De La Fuente v Padilla, pending, c.d., 2:16cv-3242.

**Colorado**: Ptak v Meyer, 94-N-2250, U.S. Dist. Ct., 1994.  Court ordered Secretary of State to place Libertarian legislative candidate on ballot.

**Florida**: Libt. Party of Fla. v Mortham, 4:96cv258-RH, U.S. Dist. Ct., N.D., 1996.  Court ordered Secretary of State to place Libertarian vice-presidential candidate on ballot. Reform Party v Black, 885 So.2d 303 (Fla. 2004).

**Georgia**: Bergland v Harris, 767 F 2d 1551 (11th cir., 1985).  U.S. Court of Appeals. Remanded case back to U.S. District Court.  Before U.S. District Court acted, legislature substantially eased law, so case became moot.  Green Party of Georgia v Kemp, 171 F Supp 3d 1340 (n.d. 2016).

**Hawaii**: Libt. Party of Hi. v Waihee, cv 86-439, U.S. Dist. Ct., 1986.  Court ordered Lieutenant Governor to extend petition deadline for new parties.

**Illinois**: Nader v Ill. State Bd. of Elections, 00-cv-4401, U.S. Dist. Ct., N.D., 2000. Court ordered State Board of Elections to place candidate on ballot. Lee v Ill. State Bd. of Elections, 463 F.3d 763 (7ᵗʰ cir. 2006). Jones v McGuffage, 921 F Supp 2d 888 (N.D.. Il, 2013).  Libertarian Party of Illinois v Illinois State Board of Elections, 164 F Supp 3d 1023 (n.d. 2016), affirmed by 7ᵗʰ circuit, 2017.  Gill v Scholz, central dist., 3:16cv-3221. Case pending on 5% petition requirement for independent candidates for U.S. House.  U.S. District Court put candidate on ballot, but 7ᵗʰ circuit stayed that action; case is pending in U.S. Dist Ct.

**Iowa**: Oviatt v Baxter, 4:92-10513, U.S. Dist. Ct., 1992.  Court ordered Secretary of State to put Grassroots Party candidate    2for Congress on ballot.

APPENDIX A

**Kansas**:  Merritt v Graves, 87-4264-R, U.S. Dist. Ct., 1988.  State did not defend three election laws and signed consent decree on independent petition deadline, requirement that independent petitions not be circulated outside of circulator's home precinct, and requirement    that voters could only register in qualified parties.  This case should not be confused with another by the same name decided in December, 1988.

**Kentucky**:  Libt. Pty. of Ky. v Ehrler, 776 F Supp 1200 (E.D. 1991).  Libertarian Party of Kentucky v Grimes, e.d., 3:15cv-86.  Whether definition of "political party" can be solely a function of party's presidential vote.  Cert petition pending in U.S. Supreme Court.

**Maine**:  Libertarian Party of Me v Dunlap, 2:16cv-2.

**Maryland**:  Dixon v Md. State Adm. Bd. of Elec. Laws, 878 F 2d 776 (1989, 4th cir.); Green Party v Bd. of Elections, 832 A 2d 214 (Md. 2003).

**Montana**:  Kelly v Johnson, U.S. Dist. Ct. 08-25 (2012).  Breck v Stapleton, pending, U.S. Dist. Ct., 9:17cv-36.

**Nevada**: Libt Pty. of Nev. v Swackhamer, 638 F Supp 565 (1986); Fulani v    Lau, cv-N-92-535, U.S. Dist. Ct., 1992.  Court ordered Secretary of State to put various minor parties on ballot.

**New Jersey**:  Council of Alternative Political Parties v Hooks, 999 F Supp 607 (1998); Council of Alternative Political Parties v State Div. of Elections, 781 A 2d 1041 (N.J.Super. A.D. 2001).

**New York**:  Molinari v Powers, 82 F Supp 57 (E.D.N.Y. 2000). Schulz w Williams,  44  F 3d 48 (2nd cir., 1994).  Green Party of N.Y. v N.Y. State Bd. of Elections, 389 F.3d 411 (2nd cir., 2004).

**North Carolina**:  Obie v N.C. Bd. of Elections, 762 F Supp 119 (E.D. 1991).  DeLaney v Bartlett, 370 F.Supp.2d 373 (M.D. 2004).

**Ohio**:  Libertarian Party of Ohio v Blackwell, 462 F.3d 579 (6th cir. 2006). Libertarian Party of Ohio v Husted, U.S. Dist. Ct., middle district, 2:13cv-935 (2014).  Libertarian Party of Ohio v Ohio Secretary of State, state appeals court, 10th dist., 16APE-07-496.  State ex rel Fockler v Husted, State Supreme Court, 2016-1863, rehearing request pending.

**Oklahoma**:  Atherton v Ward, 22 F Supp 2d 1265 (W.D. Ok. 1998).  De La Fuente v Ziriax, pending in 10th circuit, 17-6010.  Number of signatures for an independent presidential candidate.

**Pennsylvania**:  Patriot Party of Pa. v Mitchell, 826 F Supp 926 (E.D. 1993).

**South Dakota**:  Nader v Hazeltine, 110 F Supp 2d 1201 (2000).  Libertarian Party of South Dakota v Krebs, won February 21, 2018, 4:15cv-4111.

**Tennessee**:  Libt Party v Thompson, U.S. Dist. Ct., 793 F Supp 1064 (M.D. 2010).  Green Party of Tennessee v Hargett, 882 F Supp 2d 959 (M.D..Tn. 2012), pending in 6th circuit, 13-5975.

**Texas**:  Pilcher v Rains, 853 F 2d 334 (5th cir., 1988).  Kennedy v Secretary of State of Texas, w.d., 1:16cv-1047, pending.  Sore loser law for presidential candidates; early petition deadline for independent presidential candidates.

**Virginia**:  Libt. Pty of Va. v Quinn, 3:01-cv-468, U.S. Dist. Ct., E.D. (2001).  Court ordered State Board of Elections to print "Libertarian" party label on ballot next to name
of    Libertarian candidates.

**West Virginia**:  State ex rel Browne v Hechler, 476 SE 2d 559 (Supreme Court 1996).  Nader v Hechler, 112 F.Supp.2d 575 (S.D.W.V., 2000). McClure v Manchin, 301 F Supp 2d 564 (2003).


CASES:  TESTIMONY or AFFIDAVITS (political party or candidate not prevailing)

**Alabama**:  Swanson v Bennett, 490 F.3d 894 (11th cit. 2007).

**Arizona**:  Indp. Amer. Party v Hull, civ 96-1240, U.S. Dist. Ct., 1996; Browne v Bayless, 46 P 3d 416 (2002).

**Arkansas** (2 cases):  Langguth v McKuen, LR-C-92-466, U.S. Dist. Ct., E.D., 1992.  Christian Populist Party v Sec. of State, 650 F Supp 1205 (E.D. 1987).

**California**:   Socialist  Workers    $_3$Party v Eu, 591 F 2d 1252 (9th cir., 1978).

APPENDIX A

**Florida**: Fulani v Smith, 92-4629, Leon Co. Circuit Court, 1992; Libertarian     Party of Fla. v State of Fla., 710 F 2d 790 (11th cir., 1983).
**Georgia**: Libertarian Party of Ga. v Cleland, 1:94-cv-1503-CC, U.S. Dist. Ct.,     N.D. (1994); Esco v Secretary of State, E-53493, Fulton Co. Superior Court, 1998.
**Idaho**: Nader v Cenarrusa, cv 00-503, U.S. Dist. Ct., 2000.
**Illinois**: Libt Party v Rednour, 108 F 3d 768 (7th cir., 1997).
**Kansas**: Hagelin for President Committee v Graves, 804 F Supp 1377 (1992).
**Maine**: Maine Green Party v Diamond, 95-318, U.S. Dist. Ct., 1995; Maine Green Party v Secretary of State, 96-cv-261, U.S. Dist. Ct., 1996.
**Maryland**: Ahmad v Raynor, R-88-869, U.S. Dist. Ct., 1988; Creager v State     Adm. Bd. of Election Laws, AW-96-2612, U.S. Dist. Ct., 1996.
**Missouri**: Manifold v Blunt, 863 F 2d 1368 (8th cir. 1988).
**New Hampshire**: Werme v Gov. of N.H., 84 F 3d 479 (1st cir., 1996).
**North Carolina**: Nader v Bartlett, 00-2040, 4th cir., 2000.
**North Dakota**: Libertarian Party of N.D. v Jaeger, 659 F 3d 689 (2011).
**Ohio**: Schrader v Blackwell, 241 F 2d 783 (6th cir., 2001).
**Oklahoma**: Rainbow Coalition v Okla. State Elec. Bd., 844 F 2d 740 (1988). Nader v Ward, 00-1340, U.S. Dist. Ct., 1996. Clingman v Beaver, 544 U.S.581.
**Oregon**: Libt Party v Roberts, 737 P 2d 137 (Ore. Ct. of Appeals, 1987).
**Texas**: Texas Indp. Party v Kirk, 84 F 3d 178 (5th cir., 1996). Nat. Comm. of U.S. Taxpayers Party v Garza, 924 F Supp 71 (W.D. 1996).
**Virginia**: Wood v Meadows, 207 F 3d 708 (4th cir., 2000).
**Washington**: Washington State Republican Party v Washington State Grange, 876 F.3d 794 (2012).
**West Virginia**: Fishbeck v Hechler, 85 F 3d 162 (4th cir., 1996).
**Wyoming**: Spiegel v State of Wyoming, 96-cv-1028, U.S. Dist. Ct., 1996.

QUALIFIED EXPERT WITNESS
**Fishbeck v Hechler**, 85 F 3d 162 (4th cir. 1996, West Virginia case)
**Council of Alternative Political Parties v Hooks**, 999 F Supp 607 (1998, N.J.)
**Citizens to Establish Reform Party v Priest**, 970 F Supp 690 (E.D. Ark, 1996)
**Atherton v Ward**, 22 F Supp 2d 1265 (W.D.Ok. 1998)
**Calif. Democratic Party v Jones**, 530 US 567 (2000)
**Swanson v Bennett**, not reported, U.S. Dist. Ct., m.d.Ala. (02-T-644-N)
**Clingman v Beaver**, 544 U.S. 581.
**Green Pty v N.Y. Bd. Elec.**, 267 F Supp 2d 342 (EDNY 2003), 389 F.3d 411 (2nd 2004)
**Lawrence v Blackwell**, 430 F.3d 368 (6th cir. 2005)

In all cases in which I was presented as an expert, the opposition accepted that designation, except in the Green Party of New York case, the Green Party of Georgia case, and the Alabama Hall case. The U.S. District Court in all three states ruled that I qualify as an expert. For the New York case, see headnote #1 at page 342, and footnote nine on page 350. The 2nd circuit agreed, 389 F.3d 411 (2004), at 421.

SPEAKING ENGAGEMENTS: Colleges and Scholarly Meetings
Panel of New York City Bar Association, 1994. Ballot access.
Amer. Political Science Assn., nat. conventions of August 1995 and August 1996. Papers.
Capital University School, law school class, Columbus, Ohio, 1996. Guest lecturer.
Cal. State U., course in political science, Hayward, 1993 and 1996. Guest lecturer.
San Francisco City College, course in political science, 1996 and 1997. Guest     lecturer.
Providence College, R.I., Oct. 1997, seminar on ballot access.
Harvard U., JFK School of Gov't, Oct. 18, 1995, guest lecturer, ballot access.
Voting Integrity Project national conference, Apr. 1, 2000, speaker on ballot access.
Center for Voting & Democracy nat. conference, Nov. 30, 2003, speaker on ballot access.

## APPENDIX A

Robert Dole Institute of Politics, U. of Kansas, one of 5 panel members, Oct. 25, 2007.

APPENDIX B

2016 SIGNATURE REQUIREMENT FOR A NEW PARTY
TO OBTAIN BALLOT ACCESS FOR A FULL SLATE OF CANDIDATES
FOR U.S. REPRESENTATIVE

| ST | LEGAL REQUIREMENT | ELECTION CODE REFERENCE | REQUIRED | % |
|---|---|---|---|---|
| Ala | 3% of gub. vote in 2014 | 17-6-22 | 35,413 | 1.67 |
| Alas | 1% of 2014 vote cast | 15.25.160 | 2,855 | .90 |
| Az | 1 & 1/3% of 2014 gub. Vote | 16-801(A) | 20,119 | .78 |
| Ark | number stated in law | 7-7-205 | 10,000 | .88 |
| Cal | .33% of no. of reg. voters | Elec Code 5100(b) (registrations) | 59,681 | .42 |
| Colo | number stated in law | 1-4-801 (registrations) | 1,000 | .04 |
| Ct | 1% of 2014 vote for that office | 9-453(d) | 10,679 | .46 |
| Del | .1% of Dec. 2015 registration | Title 15, §3002   (registrations) | 654 | .15 |
| Fla | just submit list of officers | 97.021(12), 103.021 | 0 | .00 |
| Ga | 5% of reg. voters, Oct. 2014 | 21-2-180 | 259,560 | 6.31 |
| Hi | .1% of no. of reg. voters, Oct. 2014 | Title 2, 12-6 | 707 | .16 |
| Id | 2% of 2012 presidential vote | 34-501 | 13,047 | 1.89 |
| Il | 5% of 2014 US House vote | 10 ILCS 5/10-2 | 178,400 | 3.22 |
| In | 2% of 2014 sec of state vote | 3-8-6-3 | 26,700 | .97 |
| Io | 300 signatures in each district | Title 4, §45.1 | 1,500 | .10 |
| Kan | 2% of 2014 gub. Vote | 25-302a | 16,960 | 1.43 |
| Ky | 400 signatures in each district | Title 10, §118.315(2) | 2,400 | .12 |
| La | number stated in law | Title 18, §464.B(1) (registrations) | 1,000 | .05 |
| Me | 2,000 signatures in each district | Title 21, §494.5 | 4,000 | .52 |
| Md | number stated in law | 4-102(b)(2), 5-302(g) | 10,000 | .36 |
| Ma | 2,000 signatures in each district | Chap. 53, §6 | 18,000 | .53 |
| Mi | number stated in law | 168.685(1) | 31,519 | .66 |
| Mn | 1,000 signatures in each district | 204B.08 | 8,000 | .27 |
| Ms | just submit list of officers | 23-15-1051 | 0 | .00 |
| Mo | number stated in law | Title 9, §115.315 | 10,000 | .36 |
| Mt | number stated in law | 13-10-601 | 5,000 | 1.01 |
| Neb | 1% of 2014 gub. Vote | 32-716 | 5,395 | .64 |
| Nev | 1% of 2014 US House vote | Title 24, §293.1715 | 5,431 | .48 |
| N H | 1,500 signatures in each district | Title 4, §655:42 | 3,000 | .40 |
| N J | 100 signatures in each district | 19:13-5 | 1,200 | .03 |
| N M | .5% + 1% (4 petitions) of 2014 gub | 1-8-2.B & 1-7-2.A (2 petitions) | 2,565 + 5,130 | .96 |
| N Y | 3,500 signatures in each district | Chap. 17, §6-142 | 94,500 | 1.21 |
| N C | .25% of 2012 gub. vote | 163A-950 | 11,172 | .24 |
| N D | number stated in law | 16.1-11-30 | 7,000 | 2.03 |
| Oh | 1% of 2014 gub. vote | 3517.01 | 30,560 | .56 |
| Ok | 3% of 2014 gub. vote | Title 26, §1-109 | 24,745 | 1.70 |
| Ore | 1.5% of 2014 gub. vote | §249.735 | 22,046 | 1.10 |
| Pa | 2% of 2014 winner's vote | Title 25, sec. 2911 | 46,534 | .76 |
| R I | 500 signatures in each district | 17-14-7 | 1,000 | .22 |
| S C | number stated in law | 7-11-70 | 10,000 | .48 |
| S D | 1% of 2014 gub. vote | 12-5-1 | 2,775 | .75 |
| Tn | 2.5% of 2014 gub. Vote | 2-104(27)(b) | 33,816 | 1.35 |
| Tx | 1% of 2014 gub. vote | Elec. code 181.006 | 47,086 | .52 |
| Ut | number stated in law | 20-3-38 | 2,000 | .18 |
| Vt | number stated in law | Title 17, §2402(b) | 500 | .16 |
| Va | 1,000 signatures in each district | 24.2-506 | 11,000 | .28 |
| Wa | just pay fee of 1% of office salary | 29A.24.091 | 0 | .00 |

"Requirement" is the number of signatures for a new party to place a full slate of US House nominees on the Nov. ballot. "%" means the requirement, divided by the number of votes cast for president in 2016.  Chart prepared April 20, 2018.  All procedures listed permit the party label on the November ballot next to the names of its US House nominees.  If a law was changed since 2016, the new law is shown above as though it had existed in 2016.

APPENDIX B

2016 SIGNATURE REQUIREMENT FOR A NEW PARTY
TO OBTAIN BALLOT ACCESS FOR A FULL SLATE OF CANDIDATES
FOR U.S. REPRESENTATIVE

| ST | LEGAL REQUIREMENT | ELECTION CODE REFERENCE | REQUIRED | % |
|---|---|---|---|---|
| W V | 1% of 2014 US House vote | 3-5-23 | 4,394 | .62 |
| Wis | 1,000 signatures in each district | Title 2, §8.20(4) | 8,000 | .27 |
| Wy | 2% of 2014 US House vote | 22-4-402(d) | 3,302 | 1.28 |

"Requirement" is the number of signatures for a new party to place a full slate of US House nominees on the Nov. ballot. "%" means the requirement, divided by the number of votes cast for president in 2016. Chart prepared April 20, 2018. All procedures listed permit the party label on the November ballot next to the names of its US House nominees. If a law was changed since 2016, the new law is shown above as though it had existed in 2016.

APPENDIX C

## 2018 SIGNATURE REQUIREMENT FOR A NEW PARTY
## TO OBTAIN BALLOT ACCESS FOR A FULL SLATE OF CANDIDATES
## FOR U.S. REPRESENTATIVE

| ST | LEGAL REQUIREMENT | ELECTION CODE REFERENCE | REQUIRED | % |
|----|-------------------|--------------------------|----------|---|
| Ala | 3% of gub. vote in 2014 | 17-6-22 | 35,413 | 1.67 |
| Alas | 1% of 2016 vote cast | 15.25.160 | 3,213 | 1.01 |
| Az | 1 & 1/3% of 2014 gub. Vote | 16-801(A) | 20,119 | .78 |
| Ark | number stated in law | 7-7-205 | 10,000 | .88 |
| Cal | .33% of no. of reg. voters, Jan 2018 | Elec Code 5100(b) (registrations) | est. 60,000 | .42 |
| Colo | number stated in law | 1-4-801 (registrations) | 1,000 | .04 |
| Ct | 1% of 2016 vote for that office | 9-453(d) | 15,752 | .96 |
| Del | .1% of Dec. 2017 registration | Title 15, §3002   (registrations) | est. 675 | .15 |
| Fla | just submit list of officers | 97.021(12), 103.021 | 0 | .00 |
| Ga | 5% of active gub. vote, Oct. 2016 | 21-2-180 | 272,153 | 6.61 |
| Hi | .1% of no. of reg. voters, Oct. 2016 | Title 2, 12-6 | 750 | .17 |
| Id | 2% of 2016 presidential vote | 34-501 | 13,809 | 2.00 |
| Il | 5% of 2016 US House vote | 10 ILCS 5/10-2 | 262,089 | 4.73 |
| In | 2% of 2014 sec of state vote | 3-8-6-3 | 26,700 | .98 |
| Io | 300 signatures for each candidate | Title 4, §45.1 | 1,500 | .10 |
| Kan | 2% of 2014 gub. Vote | 25-302a | 16,960 | 1.43 |
| Ky | 400 signatures for each candidate | Title 10, §118.315(2) | 2,400 | .12 |
| La | number stated in law | Title 18, §441 (registrations) | 1,000 | .05 |
| Me | 2,000 signatures for each candidate | Title 21, §494.5 | 4,000 | .53 |
| Md | number stated in law | 4-102(b)(2), 5-302(g) | 10,000 | .36 |
| Ma | 2,000 signatures for each candidate | Chap. 53, §6 | 18,000 | .53 |
| Mi | 1% of Nov. 2014 gub. vote | 168.685(1) | 31,519 | .66 |
| Mn | 1,000 signatures for each candidate | 204B.08 | 8,000 | .27 |
| Ms | just submit list of officers | 23-15-1051 | 0 | .00 |
| Mo | number stated in law | Title 9, §115.315 | 10,000 | .36 |
| Mt | number stated in law | 13-10-601 | 5,000 | 1.01 |
| Neb | 1% of 2014 gub. Vote | 32-716 | 5,395 | .64 |
| Nev | 1% of 2016 US House vote | Title 24, §293.1715 | 10,785 | .96 |
| N H | 1,500 signatures for each candidate | Title 4, §655:42 | 3,000 | .40 |
| N J | 100 signatures for each candidate | 19:13-5 | 1,200 | .03 |
| N M | .5% + 1% of 2014 gub vote | 1-7-2.A (two separate petitions) | 7,695 | .96 |
| N Y | 3,500 signatures for each candidate | Chap. 17, §6-142 | 94,500 | 1.21 |
| N C | .25% of 2016 gub. vote | 163A-950 | 11,172 | .25 |
| N D | number stated in law | 16.1-11-30 | 7,000 | 2.03 |
| Oh | 1% of 2016 pres. vote | 3517.01 | 54,965 | 1.00 |
| Ok | 3% of 2014 gub. vote | Title 26, §1-109 (amended 2015) | 24,745 | 1.70 |
| Ore | 1.5% of 2014 gub. vote | §249.735 | 22,046 | 1.10 |
| Pa | 2% of winner's vote 2016 | Title 25, sec. 2911 | 75,211 | 1.23 |
| R I | 500 signatures for each candidate | 17-14-7 | 1,000 | .22 |
| S C | number stated in law | 7-11-70 | 10,000 | .48 |
| S D | 1% of 2014 gub. vote | 12-5-1 | 2,775 | .75 |
| Tn | 2.5% of 2014 gub. Vote | 2-104(27)(b) | 33,816 | 1.35 |
| Tx | 1% of 2014 gub. vote | Elec. code 181.006 | 47,086 | .52 |
| Ut | number stated in law | 20A-8-103 | 2,000 | .18 |
| Vt | have town committees in 10 towns | Title 17, §2313, 2318 | 20 | .01 |
| Va | 1,000 signatures for each candidate | 24.2-506 | 11,000 | .28 |
| Wa | just pay filing fee | 29A.24.091 | 0 | .00 |

"Requirement" is the no. of signatures to get on the Nov. ballot for a full slate of US House nominees.  "%" means the requirement, divided by the number of votes cast for president in 2016.   Chart prepared April 20, 2018.  All procedures listed permit the party label to be on the ballot.  When states have more than one procedure, the easier one is listed.

APPENDIX C

2018 SIGNATURE REQUIREMENT FOR A NEW PARTY
TO OBTAIN BALLOT ACCESS FOR A FULL SLATE OF CANDIDATES
FOR U.S. REPRESENTATIVE

| ST | LEGAL REQUIREMENT | ELECTION CODE REFERENCE | REQUIRED | % |
|----|-------------------|-------------------------|----------|---|
| W V | 1% of 2016 vote for that office | 3-5-23 | 6,864 | .96 |
| Wis | 1,000 signatures for each candidate | Title 2, §8.20(4) | 8,000 | .27 |
| Wy | 2% of 2016 US House vote | 22-4-402(d) | 5,036 | 1.97 |

"Requirement" is the no. of signatures to get on the Nov. ballot for a full slate of US House nominees.  "%" means the requirement, divided by the number of votes cast for president in 2016.  Chart prepared April 20, 2018.  All procedures listed permit the party label to be on the ballot.  When states have more than one procedure, the easier one is listed.

APPENDIX D

### FILING FEE REQUIREMENT FOR A NEW PARTY
### TO OBTAIN BALLOT ACCESS FOR A FULL SLATE OF CANDIDATES
### FOR U.S. REPRESENTATIVE

| ST | PETITION REQUIREMENT OR FEE | ELECTION CODE REFERENCE | FEE | TOTAL |
|---|---|---|---|---|
| Ala | only primary candidates pay fee | 17-16-15 | 0 | 0 |
| Alas | amount set forth in law | 15.25.050 | $100 | $100 |
| Az | no filing fees | - - | 0 | 0 |
| Ark | only primary candidates pay fee | 7-7-301 | 0 | 0 |
| Cal | see note at bottom | elec. code 8103,8062,8106 | 0 | 0 |
| Colo | no filing fees | - - | 0 | 0 |
| Ct | no filing fees | - - | 0 | 0 |
| Del | only primary candidates pay fee | Title 15, §3103 | 0 | 0 |
| Fla | filing fee of 4% of annual salary* | 99.092, 99.095 | $6,960 | $187,920 |
| Ga | filing fee of 3% of annual salary | 21-2-131, 21-2-132 | $5,220 | $73,080 |
| Hi | amount set forth in law | Title 2, §12-5, 12-6 | $75 | $150 |
| Id | amount set forth in law | 34-604,34-608,34-614 | $250 | $500 |
| Il | no filing fees | - - | 0 | 0 |
| In | no filing fees | - - | 0 | 0 |
| Io | no filing fees | - - | 0 | 0 |
| Kan | only primary candidates pay fee | 25-205 | 0 | 0 |
| Ky | amount set forth in law | Title 10, §118.255 | $500 | $3,000 |
| La | amount set forth in law* | Title 18, §464 | $600 | $3,600 |
| Me | no filing fees | - - | 0 | 0 |
| Md | amount set forth in law | Art. 33, §5-401 | $290 | $2,320 |
| Ma | no filing fees | - - | 0 | 0 |
| Mi | no filing fees | - - | 0 | 0 |
| Mn | only primary candidates pay fee | 204B.03-11 | 0 | 0 |
| Ms | only primary candidates pay fee | 23-15-297 | 0 | 0 |
| Mo | only primary candidates pay fee | 115.357 | 0 | 0 |
| Mt | filing fee of 1% of annual salary | 13-10-202 | $1,740 | $1,740 |
| Neb | only primary candidates pay fee | 32-608 | 0 | 0 |
| Nev | amount set forth in law | 293.193 | $500 | $2,000 |
| N H | amount set forth in law | Title 4, §655:19(c) | $100 | $200 |
| N J | no filing fees | - - | 0 | 0 |
| N M | only primary candidates pay fee | 1-8-33 | 0 | 0 |
| N Y | no filing fees | - - | 0 | 0 |
| N C | filing fee of 1% of annual salary | 163A-979 | $1,740 | $22,620 |
| N D | no filing fees | - - | 0 | 0 |
| Oh | amount set forth in law | 3513.05, 3513.10 | $100 | $1,600 |
| Ok | amount set forth in law | Title 26, §5-112 | $1,000 | $5,000 |
| Ore | only primary candidates pay fee | Title 23, §249.056 | 0 | 0 |
| Pa | amount set forth in law | Title 25, §2872.1 | $200 | $3,600 |
| R I | no filing fees | - - | 0 | 0 |
| S C | only primary candidates pay fee | 7-13-40 | 0 | 0 |
| S D | no filing fees | - - | 0 | 0 |
| Tn | no filing fees | - - | 0 | 0 |
| Tx | only primary candidates pay fee | Elec. code 172.024 | 0 | 0 |
| Ut | fee of 1/8th of 1% of term salary | 20A-9-201 | $435 | $1,740 |
| Vt | no filing fees | - - | 0 | 0 |
| Va | only primary candidates pay fee | 24.2-521, 24.2-523 | 0 | 0 |
| Wa | filing fee of 1% of annual salary | 29.18.050, 29.18.010 | $1,740 | $17,400 |

Although California formally requires a filing fee for independent candidates, in reality it does not. That is because all independent candidates must circulate a ballot access petition in order to get on the November ballot. California also has a procedure for petitions in lieu of filing fees, which require 10,000 signatures for statewide office. But California lets the ballot access petition and the in lieu-of-filing-fee petition be combined, so that any candidate who collects enough signatures to be on the ballot has automatically (with a single petition form) also completed both types of petition. An asterisk indicates that the state does not have a mandatory qualifying petition for minor-party candidates for U.S. Representative.

APPENDIX D

### FILING FEE REQUIREMENT FOR A NEW PARTY
### TO OBTAIN BALLOT ACCESS FOR A FULL SLATE OF CANDIDATES
### FOR U.S. REPRESENTATIVE

| ST | PETITION REQUIREMENT OR FEE | ELECTION CODE REFERENCE | FEE | TOTAL |
|----|------------------------------|--------------------------|-----|-------|
| W V | filing fee of 1% of annual salary | 3-5-8 | $1,740 | $5,220 |
| Wis | no filing fees | Title 2, §8.10, 8.15 | 0 | 0 |
| Wy | amount set forth in law | 22-5-208 | $200 | $200 |

Although California formally requires a filing fee for independent candidates, in reality it does not.  That is because all independent candidates must circulate a ballot access petition in order to get on the November ballot.  California also has a procedure for petitions in lieu of filing fees, which require 10,000 signatures for statewide office.  But California lets the ballot access petition and the in lieu-of-filing-fee petition be combined, so that any candidate who collects enough signatures to be on the ballot has automatically (with a single petition form) also completed both types of petition.  An asterisk indicates that the state does not have a mandatory qualifying petition for minor-party candidates for U.S. Representative.

APPENDIX E

UNCONTESTED ELECTIONS FOR U.S. REPRESENTATIVE
IN 2012, 2014, AND 2016

| ST | # REPS | 2012 | 2014 | 2016 | TOTAL | % |
|----|--------|------|------|------|-------|---|
| Ala | 7 | 0 | 2 | 3 | 5 | 23.8 |
| Alas | 1 | 0 | 0 | 0 | 0 | 0 |
| Az | 9 | 0 | 0 | 1 | 1 | 3.7 |
| Ark | 4 | 0 | 0 | 0 | 0 | 0 |
| Cal | 53 | 0 | 0 | 0 | 0 | 0 |
| Colo | 7 | 0 | 0 | 0 | 0 | 0 |
| Ct | 5 | 0 | 0 | 0 | 0 | 0 |
| Del | 1 | 0 | 0 | 0 | 0 | 0 |
| Fla | 27 | 2 | 5 | 1 | 8 | 9.9 |
| Ga | 14 | 3 | 7 | 5 | 15 | 35.7 |
| Hi | 2 | 0 | 0 | 0 | 0 | 0 |
| Id | 2 | 0 | 0 | 0 | 0 | 0 |
| Il | 18 | 0 | 0 | 4 | 4 | 7.4 |
| In | 9 | 0 | 0 | 0 | 0 | 0 |
| Io | 4 | 0 | 0 | 0 | 0 | 0 |
| Kan | 4 | 1 | 0 | 0 | 1 | 8.3 |
| Ky | 6 | 0 | 0 | 2 | 2 | 11.1 |
| La | 6 | 0 | 0 | 0 | 0 | 0 |
| Me | 2 | 0 | 0 | 0 | 0 | 0 |
| Md | 8 | 0 | 0 | 0 | 0 | 0 |
| Ma | 9 | 2 | 6 | 4 | 12 | 44.4 |
| Mi | 14 | 0 | 0 | 0 | 0 | 0 |
| Mn | 8 | 0 | 0 | 0 | 0 | 0 |
| Ms | 4 | 0 | 0 | 0 | 0 | 0 |
| Mo | 8 | 0 | 0 | 0 | 0 | 0 |
| Mt | 1 | 0 | 0 | 0 | 0 | 0 |
| Neb | 3 | 0 | 0 | 1 | 1 | 11.1 |
| Nev | 4 | 0 | 0 | 0 | 0 | 0 |
| N H | 2 | 0 | 0 | 0 | 0 | 0 |
| N J | 12 | 0 | 0 | 0 | 0 | 0 |
| N M | 3 | 0 | 0 | 0 | 0 | 0 |
| N Y | 27 | 0 | 2 | 3 | 5 | 6.2 |
| N C | 13 | 0 | 1 | 0 | 1 | 2.6 |
| N D | 1 | 0 | 0 | 0 | 0 | 0 |
| Oh | 16 | 2 | 1 | 0 | 3 | 6.3 |
| Ok | 5 | 0 | 1 | 1 | 2 | 13.3 |
| Ore | 5 | 0 | 0 | 1 | 1 | 6.7 |
| Pa | 18 | 0 | 3 | 3 | 6 | 11.1 |
| R I | 2 | 0 | 0 | 0 | 0 | 0 |
| S C | 7 | 1 | 1 | 0 | 2 | 9.5 |
| S D | 1 | 0 | 0 | 0 | 0 | 0 |
| Tn | 9 | 0 | 0 | 0 | 0 | 0 |
| Tx | 36 | 0 | 1 | 1 | 2 | 1.9 |
| Ut | 4 | 0 | 0 | 0 | 0 | 0 |
| Vt | 1 | 0 | 0 | 0 | 0 | 0 |
| Va | 11 | 0 | 1 | 0 | 1 | 3.0 |
| Wa | 10 | 0 | 0 | 0 | 0 | 0 |
| W V | 3 | 0 | 0 | 0 | 0 | 0 |

"# REPS" is the total number of representatives apportioned to the state. "TOTAL" is the total number of uncontested races from 2012 through 2016. "%" is the total number of uncontested races divided by the total number of representatives times three. An "uncontested" election is a race with only one candidate's name printed on the ballot.

APPENDIX E

## UNCONTESTED ELECTIONS FOR U.S. REPRESENTATIVE
## IN 2012, 2014, AND 2016

| ST | # REPS | 2012 | 2014 | 2016 | TOTAL | % |
|---|---|---|---|---|---|---|
| Wis | 8 | 0 | 0 | 1 | 1 | 4.2 |
| Wy | 1 | 0 | 0 | 0 | 0 | 0 |

"# REPS" is the total number of representatives apportioned to the state.  "TOTAL" is the total number of uncontested races from 2012 through 2016. "%" is the total number of uncontested races divided by the total number of representatives times three. An "uncontested" election is a race with only one candidate's name printed on the ballot.

APPENDIX F

## HIGHEST SIGNATURE REQUIREMENT EVER MET
## BY AN INDEPENDENT OR MINOR-PARTY
## CANDIDATE FOR U.S. REPRESENTATIVE IN EACH STATE

| ST | YEAR | CANDIDATE | DISTRICT | SIGNATURES | BASIS FOR # OF SIGNATURES |
|---|---|---|---|---|---|
| Ala. | 2006 | Mark Layfield | 3 | 5,437 | 3% of last gubernatorial vote |
| Alas. | 2006 | Bill Ratigan | At-large | 3,126 | 1% of last vote cast |
| Ariz. | 2008 | Brent Maupin | 1 | 2,330 | 3% of registered independents |
| Ark. | 2006 | Dale Morfey | 3 | 2,000 | Number specified in law |
| Calif. | 2008 | Cindy Sheehan | 8 | 10,198 | 3% of registered voters |
| Colo. | 2008 | Bill Hammons | 2 | 800 | Number specified in law |
| Conn. | 2006 | Philip Maymin | 4 | 2,909 | 1% of last vote for that office |
| Del. | 1964 | George A. La Forest | At-large | 750 | Number specified in law* |
| D.C. | 2002 | Pat Kidd | At-large | 3,000 | Number specified in law |
| Fla. | 1998 | Jack Gargan | 5 | 12,141 | 3% of registered voters* |
| Ga. | 1964 | Milton Lent | 1 | 6,500 | 5% of registered voters |
| Hi. | 2003 | Mark McNett | 2 | 25 | Number specified in law |
| Ida. | 1920 | Riley Rice | 1 | 1,500 | Number specified in law* |
| Ill. | 1974 | K. Douglas Lassiter | 15 | 9,698 | 5% of last vote cast |
| Ind. | 2002 | Jeff Melton | 9 | 3,664 | 2% of last secretary of state vote |
| Iowa | 1982 | William Douglas | 4 | 4,373 | 2% of last vote cast* |
| Kan. | 1984 | John S. Ralph | 3 | 2,500 | Number specified in law** |
| Ky. | 2008 | Jim Holbert | 5 | 400 | Number specified in law |
| La. | 1976 | John Rarick | 1 | 1,000 | Number specified in law* |
| Me. | 1976 | Jacqueline F. Kaye | 2 | 4.967 | 3% of last gubernatorial vote* |
| Md. | 1984 | Samuel K. Grove | 8 | 9,100 | 3% of registered voters* |
| Mass. | 1972 | Roger P. Durkin | 5 | 5,530 | 3% of last gubernatorial vote* |
| Mich. | 2006 | Jerome S. White | 12 | 6,083 | 2% of last gubernatorial vote* |
| Minn. | 2006 | Harry Welty | 8 | 1,000 | Number specified in law |
| Miss. | 2006 | Jim Giles | 3 | 200 | Number specified in law |
| Mo. | 1992 | Duane Burghard | 9 | 8,184 | 5% of last gub. vote |
| Mt. | 1994 | Steve Kelly | At-large | 10,186 | 5% of winner's vote, last election |
| Neb. | 1970 | Clair A. Callan | 1 | 1,000 | Number specified in law** |
| Nev. | 1936 | Harry H. Austin | At-large | 2,085 | 5% of last U.S. House vote* |
| N.H. | 2008 | Robert Kingsbury | 1 | 1,500 | Number specified in law |
| N.J. | 2008 | Costantino Rozzo | 2 | 100 | Number specified in law |
| N.M. | 2008 | Carol Miller | 3 | 5,779 | 3% of last gubernatorial vote |
| N.Y. | 2008 | Isaiah Matos | 14 | 3,500 | Number specified in law |
| No.C. | 2010 | Wendell Fant | 8 | 16,292 | 4% of registered voters |
| No.D. | 2000 | Jan Shelver | At-large | 1,000 | Number specified in law |
| Ohio | 1954 | Frazier Reams | 9 | 12,919 | 7% of last gubernatorial vote* |
| Okla. | 2008 | Forrest Michael | 3 | 1 | No petition needed, just pay filing fee |
| Ore. | 1990 | Rick Livingston | 1 | 7,757 | 3% of last presidential vote* |
| Pa. | 2006 | David G. Baker | 2 | 5,065 | 2% of winner's vote, last election |
| R.I. | 2008 | Kenneth A. Capalbo | 1 | 500 | Number specified in law |
| So.C. | - - | never | - - | - - | Number specified in law (10,000) |
| So.D. | 1934 | C. H. Sharp | 1 | 4,065 | 2% of last gubernatorial vote* |
| Tenn. | 2008 | Joel Goodman | 1 | 25 | Number specified in law |
| Tex. | 2008 | Roger L. Owen | 1 | 500 | Number specified in law |
| Utah | 2000 | Steven Voris | 2 | 300 | Number specified in law |
| Vt. | 1970 | Dennis J. | At-large | 1,611 | 1% of last gubernatorial vote* |

An asterisk means that the state has lowered its petition requirement for U.S. House since that candidate met that particular hurdle. A double asterisk means that the state has increased the requirement since the year mentioned. For Illinois, where anyone can get on the ballot with only one signature if no one challenges, the entry is limited to petitioning candidates who were challenged and who still got on.

APPENDIX F

## HIGHEST SIGNATURE REQUIREMENT EVER MET
## BY AN INDEPENDENT OR MINOR-PARTY
## CANDIDATE FOR U.S. REPRESENTATIVE IN EACH STATE

| ST | YEAR | CANDIDATE | DISTRICT | SIGNATURES | BASIS FOR # OF SIGNATURES |
|----|------|-----------|----------|------------|---------------------------|
| Va. | 1998 | Morriseau Bradley E. Evans | 7 | 1,930 | One-half of 1% of registered voters* |
| Wash. | 2006 | Linnea S. Noreen | 7 | 1,000 | Number specified in law** |
| W.V. | 1982 | Adrienne Benjamin | 3 | 1,796 | 1% of last vote cast for that office |
| Wis. | 2008 | Michael La Forest | 4 | 1,000 | Number specified in law |
| Wy. | 1940 | Lee R. White | At-large | 100 | Number specified in law** |

An asterisk means that the state has lowered its petition requirement for U.S. House since that candidate met that particular hurdle. A double asterisk means that the state has increased the requirement since the year mentioned. For Illinois, where anyone can get on the ballot with only one signature if no one challenges, the entry is limited to petitioning candidates who were challenged and who still got on.