# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARTIN COWEN, ALLEN BUCKLEY, AARON GILMER, JOHN MONDS, and the LIBERTARIAN PARTY OF GEORGIA, INC., a Georgia nonprofit corporation,  <br><br>Plaintiffs,  <br><br>v.  <br><br>BRAD RAFFENSPERGER, Georgia Secretary of State,  <br><br>Defendant. | *<br>*<br>*<br>*<br>*   CASE NO.: 1:17cv04660-LMM<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## DEFENDANT'S RESPONSES TO
## PLAINTIFFS' SECOND REQUESTS FOR ADMISSION

25. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 25. Defendant admits only that James P. Mason sent correspondence, previously provided to Plaintiff and Bate Stamped Cowen Prod page 161, to the Office of the Secretary of State and that correspondence speaks for itself. Defendant has no way of knowing if Mr. Mason actually attempted to collect signatures for a

Plaintiff's SJ Exhibit

029

qualifying petition and therefore cannot admit that he was "unsuccessful in doing so." Defendant admits that no petition was submitted.

26. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 26. Defendant admits only that Timothy J. Payne sent correspondence, previously provided to Plaintiff and Bate Stamped Cowen Prod page 163, to the Office of the Secretary of State and that correspondence speaks for itself. Defendant has no way of knowing if Mr. Payne actually attempted to collect signatures for a qualifying petition and therefore cannot admit that he was "unsuccessful in doing so." Defendant admits that no petition was submitted.

27. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 27. Defendant cannot admit or deny what an "unnamed person" declared or was unsuccessful in doing. Defendant admits only that Ann Hicks, former Assistant Secretary of State, sent an email addressed to cordele@ajmilesmedia.com, previously provided to Plaintiff and Bate Stamped Cowen Prod page 165, concerning requirements for running for office as an independent candidate from congressional district 4. The correspondence speaks for itself.

28. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 28.  Defendant admits only that Charles Perry sent correspondence, previously provided to Plaintiff and Bate Stamped Cowen Prod page 166, to the Office of the Secretary of State and that correspondence speaks for itself.  Defendant has no way of knowing if Mr. Perry actually attempted to collect signatures for a qualifying petition and therefore cannot admit that he was "unsuccessful in doing so."  Defendant admits that no petition was submitted.

29. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 29.  Defendant admits only that Victor Armendariz sent correspondence, previously provided to Plaintiff and Bate Stamped Cowen Prod page 168, to the Office of the Secretary of State and that correspondence speaks for itself.  Defendant has no way of knowing if Mr. Armendariz actually attempted to collect signatures for a qualifying petition and therefore cannot admit that he was "unsuccessful in doing so."  Defendant admits that no petition was submitted.

30. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 30.  Defendant admits only

3

that David Moreland was sent correspondence, previously provided to Plaintiff and Bate Stamped Cowen Prod page 170-171, regarding the petition and other qualifying requirements for congressional district 1. That correspondence speaks for itself. Defendant has no way of knowing either Mr. Moreland's intentions or whether he attempted to collect signatures for a qualifying petition and therefore cannot admit that he was "unsuccessful in doing so." Defendant admits that no petition was submitted.

31. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 31. Defendant admits only that Raymond Beckworth was sent correspondence, previously provided to Plaintiff and Bate Stamped Cowen Prod page 172-173, regarding the petition and other qualifying requirements for congressional district 1. That correspondence speaks for itself. Defendant has no way of knowing either Mr. Beckworth's intentions or whether he attempted to collect signatures for a qualifying petition and therefore cannot admit that he was "unsuccessful in doing so." Defendant admits that no petition was submitted.

32. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 32. Defendant admits only that Lincoln Nunnally was sent correspondence, previously provided to Plaintiff and Bate Stamped Cowen Prod page 174-175, regarding the petition and other qualifying requirements for congressional district 4. That correspondence speaks for itself. Defendant has no way of knowing either Mr. Nunnally's intentions or whether he attempted to collect signatures for a qualifying petition and therefore cannot admit that he was "unsuccessful in doing so." Defendant admits that no petition was submitted.

33. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 33. Defendant cannot admit or deny another person's intentions or whether or not they were deterred. Defendant admits only that Luanne Allen Taylor inquired about the number of petition signatures required for the 6th congressional district and subsequently inquired about the number of petition signatures required for a state house district. *See* Documents Bate Stamped Cowen Prod pages 181-196, previously provided to Plaintiffs.

34. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 34. Defendant admits only that Steve Abrams sent e-mail correspondence, previously provided to Plaintiff and Bate Stamped Cowen Prod pages 197 - 205, to the Office of the Secretary of State and that correspondence speaks for itself. Defendant has no way of knowing if Mr. Abrams actually attempted to collect signatures for a qualifying petition and therefore cannot admit that he was "unsuccessful in doing so." Defendant admits that no petition was submitted.

35. Defendant, after *reasonable* inquiry, lacks sufficient information to admit or deny the allegations in paragraph 35. Defendant admits that Ms. Allen-Cartwright qualified to run as an Independent candidate for congressional district 11. *See* Bates nos. Cowen Prod5: 2752-2753, provided contemporaneously with these responses. Defendant admits further that Allen-Cartwright was not on the 2000 general election ballot for congressional district 11, but lacks sufficient information to admit or deny the reason Allen-Cartwright was not on the ballot. Defendant lacks information as to whether or not Allen-Cartwright submitted a petition.

6

36. Defendant objects to this request as seeking an admission relating to a legal conclusion and therefore outside the scope of Rule 36(a)(1), Fed. R. Civ. Proc. Defendant objects further to this request as outside the scope of discovery and therefore unduly burdensome. Plaintiffs have not challenged federal campaign finance laws and Defendant plays no role in the enforcement of federal campaign finance laws for federal office. Subject to and without waiving said objection, Defendant admits the statement.

37. Defendant objects to this request as seeking an admission relating to a legal conclusion and therefore outside the scope of Rule 36(a)(1), Fed. R. Civ. Proc. Defendant objects to this request as outside the scope of discovery and therefore unduly burdensome. Plaintiffs have not challenged federal campaign finance laws and Defendant plays no role in the enforcement of federal campaign finance laws for federal office. Subject to and without waiving said objection, Defendant admits the statement.

38. Defendant objects to this request as seeking an admission relating to a legal conclusion and therefore outside the scope of Rule 36(a)(1), Fed. R. Civ. Proc. Defendant objects to this request as outside the scope of

discovery and therefore unduly burdensome. Plaintiffs have not challenged federal campaign finance laws and Defendant plays no role in the enforcement of federal campaign finance laws for federal office. Subject to and without waiving said objection, Defendant admits the statement.

39. Defendant objects to this request as seeking an admission relating to a legal conclusion and therefore outside the scope of Rule 36(a)(1), Fed. R. Civ. Proc. Defendant objects to this request as outside the scope of discovery and therefore unduly burdensome. Plaintiffs have not challenged federal campaign finance laws and Defendant plays no role in the enforcement of federal campaign finance laws for federal office. Subject to and without waiving said objection, Defendant admits the statement.

40. Defendant objects to this request as seeking an admission relating to a legal conclusion and therefore outside the scope of Rule 36(a)(1), Fed. R. Civ. Proc. Defendant objects to this request as outside the scope of discovery and therefore unduly burdensome. Plaintiffs have not challenged federal campaign finance laws and Defendant plays no role in the enforcement of federal campaign finance laws for federal office.

Subject to and without waiving said objection, Defendant admits the statement.

41. Defendant objects to this request as seeking an admission relating to a legal conclusion and therefore outside the scope of Rule 36(a)(1), Fed. R. Civ. Proc. Defendant objects to this request as outside the scope of discovery and therefore unduly burdensome. Plaintiffs have not challenged federal campaign finance laws and Defendant plays no role in the enforcement of federal campaign finance laws for federal office. Subject to and without waiving said objection, Defendant admits the statement.

42. Defendant objects to this request as seeking an admission relating to a legal conclusion and therefore outside the scope of Rule 36(a)(1), Fed. R. Civ. Proc. Defendant objects to this request as outside the scope of discovery and therefore unduly burdensome. Plaintiffs have not challenged federal campaign finance laws and Defendant plays no role in the enforcement of federal campaign finance laws for federal office.

43. Defendant objects to this request as seeking an admission relating to a legal conclusion and therefore outside the scope of Rule 36(a)(1), Fed. R. Civ. Proc. Defendant objects to this request as outside the scope of

9

discovery and therefore unduly burdensome. Plaintiffs have not challenged federal campaign finance laws and Defendant plays no role in the enforcement of federal campaign finance laws for federal office.

44. Defendant objects to this request as outside the scope of discovery and therefore unduly burdensome. Rank choice voting is not used in Georgia elections and another's state's choice of election method is not relevant to any claim in this case. Subject to and without waiving said objection, Defendant admits the statement.

45. Defendant objects to this request as outside the scope of discovery and therefore unduly burdensome. Rank choice voting is not used in Georgia elections and other states' choices of election method are not relevant to any claim in this case. Subject to and without waiving said objection, Defendant admits the statement.

46. Defendant objects to this request as seeking an admission relating to a legal conclusion and therefore outside the scope of Rule 36(a)(1), Fed. R. Civ. Proc. Defendant objects further to this request as outside the scope of discovery and therefore unduly burdensome. Subject to and without waiving said objection, Defendant admits that private property owners in

Georgia may lawfully prohibit solicitation on their property, including privately owned malls.

47. Admitted.

48. Admitted.

49. Denied. The number of petition signatures required depends on the office sought. *See* O.C.G.A. § 21-2-132(h).

50. Admitted.

51. Denied as stated. Defendant admits that a qualifying petition, for purposes of the *pauper's* affidavit, is due at the same time as the notice of candidacy, but denies that a qualifying petition for purposes of ballot access is due at the time that the notice of candidacy is due.

                Respectfully submitted,

                CHRISTOPHER M. CARR
                Attorney General     112505

                ANNETTE M. COWART   191199
                Deputy Attorney General

                RUSSELL D. WILLARD   760280
                Senior Assistant Attorney General

/s/Cristina M. Correia
CRISTINA M. CORREIA  188620
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square, SW
Atlanta, GA  30334
404-656-7063
FAX:  404-651-9325
ccorreia@law.ga.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, I e-mailed the foregoing Responses to Plaintiffs' Second Set of Requests for Admissions, addressed to:

Bryan L. Sells
bryan@bryansellslaw.com

Dated this 11th day of March, 2019.

/s/ Cristina Correia
Senior Assistant Attorney General