## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARTIN COWEN, ALLEN BUCKLEY, AARON GILMER, JOHN MONDS, and the LIBERTARIAN PARTY OF GEORGIA, INC., a Georgia nonprofit  corporation, | * * * * * | |
| | * | CASE NO.: 1:17cv04660-LMM |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| BRIAN KEMP, Georgia Secretary of State, | * * | |
| Defendant. | | |

### DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES

COMES NOW Defendant, through counsel, and hereby states his Objections and Responses to Plaintiffs' First Set of Interrogatories.

A.    These responses are based upon, and therefore limited by, records and information in existence, presently recollected, and thus far discovered in the course of preparing these responses.  Defendant reserves the right to make changes to these responses if it appears at any time that inadvertent errors or omissions have been made or additional or more accurate information has become available.

Plaintiff's SJ Exhibit

030

B.      No incidental or implied admissions of fact by the Defendant are made by the responses indicated below. The fact that Defendant has produced any document in response to any interrogatory herein may not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such document, or that the document constitutes admissible evidence.  Defendant's response to any request is not intended to, nor shall it be considered, as a waiver by Defendant of any objections to any request made by Plaintiffs.

C.      These responses are based upon the ordinary meaning of words used in the requests.

D.      The information supplied in these responses is based upon the knowledge, information, and belief of Defendant, and includes knowledge of his attorneys.  The word usage and sentence structure may be that of the attorney assisting in the preparation of the responses and thus does not necessarily purport to be precise language of Defendant.

E.      Defendant objects to Plaintiffs' definition of "you" to include Defendant's attorneys, as an invasion of the attorney work product and the attorney client privilege.

## OBJECTIONS AND RESPONSES

1.    **Please describe in detail any state interest that you may assert to justify the burdens imposed on the plaintiffs by Georgia's ballot-access laws for political-body candidates for U.S. Representative.**

<u>Objection/Answer</u>:

Defendant objects to this interrogatory on the grounds that it is vague and overly broad in that it seeks factual information with respect to Plaintiffs' yet to be proven legal argument that Georgia's ballot-access laws impose burdens on Plaintiffs.

The determination of what justifications Defendant may raise in response to Plaintiffs' legal contention that Georgia's ballot access laws impose a burden on Plaintiffs is determined by Defendant's legal counsel based on their legal theories developed as a result of their investigation of the law, facts, and circumstances of the case. Disclosure of that analysis would invade the attorney work product and the attorney client privilege and Defendant is not required to outline its defense strategy or its theory of the case to Plaintiff.

Subject to and without waiving the foregoing objection, Defendant states the following:

Defendant denies that Georgia's ballot-access laws impose a burden on

Plaintiffs. To the extent that a burden may exist, the State of Georgia has an

important state interest in ensuring that political-body candidates for U.S.

Representative can demonstrate that they have a modicum of support within the

congressional districts that they wish to represent.  Georgia's ballot access laws

serve that state interest.

Further, the State of Georgia has a compelling state interest in reducing the

number of run-off elections, especially a run-off to the November general election

for federal office.  This interest is especially true for congressional elections where

a winning candidate is to take office on the third day of January.  2 U.S.C. § 7.

However, a run-off election to the November general election cannot be completed

before January.  *See* O.C.G.A. § 21-2-501(a)(3) (run-off election scheduled for

"Tuesday of the ninth week following the general election.").  The delay in

scheduling run-off elections for federal offices is due to the requirements of the

Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 52

U.S.C. § 20301 *et seq.*  Georgia's election scheme requires that the Secretary of

State's office transmit all absentee ballots to military and civilian overseas voters

at least 45 days prior to the date of any election for federal office. *United States v.*

*Georgia*, 778 F.3d 1202, 1203 (11th Cir. 2015).  Run-offs of the general election

for state offices, where the requirements of UOCAVA do not apply, are held in

4

December.  O.C.G.A. § 21-2-501(a)(4).

2.    **Please describe in detail any state interests that you may assert to justify Georgia's ballot-access laws requiring more signatures of a political body candidate for U.S. Representative than are currently required for a political-body candidate for U.S. President.**

<u>**Objection/Answer:**</u>

Defendant objects to this interrogatory on the grounds that it is vague and overly broad in that it seeks factual information with respect to a legal affirmative defense.  Defendant objects further to this interrogatory on the grounds that it seeks information protected by attorney work product.

The determination of what justifications Defendant may raise in support of Georgia's ballot access laws is determined by Defendant's legal counsel based on their legal theories developed as a result of their investigation of the law, facts, and circumstances of the case.  Disclosure of that analysis would invade the attorney work product and the attorney client privilege, and Defendant is not required to outline its defense strategy or its theory of the case to Plaintiff.

Subject to and without waiving the foregoing objection, Defendant states the following:

The State of Georgia has an important state interest in ensuring that political-body candidates for U.S. Representative can demonstrate that they have a modicum of support within the congressional districts that they wish to represent. Georgia's ballot access laws serve that state interest.

Moreover, unlike Presidential elections, which by their nature are determined beyond any one state's borders, here the state has a stronger interest in the election for its congressional representatives.

Further, the State of Georgia has a compelling state interest in reducing the number of run-off elections, especially a run-off to the November general election for federal office.  This interest is especially true for congressional elections where a winning candidate is to take office on the third day of January.  2 U.S.C. § 7. However, a run-off election to the November general election cannot be completed before January.  *See* O.C.G.A. § 21-2-501(a)(3) (run-off election scheduled for "Tuesday of the ninth week following the general election.").  The delay in scheduling run-off elections for federal offices is due to the requirements of the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 52 U.S.C. § 20301 *et seq.*  Georgia's election scheme requires that the Secretary of State's office transmit all absentee ballots to military and civilian overseas voters at least 45 days prior to the date of any election for federal office. *United States v.*

*Georgia*, 778 F.3d 1202, 1203 (11th Cir. 2015).  Run-offs of the general election

for state offices, where the requirements of UOCAVA do not apply, are held in

December.  O.C.G.A. § 21-2-501(a)(4).

3.      **Please describe in detail any state interest that you may assert to justify**

**treating Libertarian Party candidates for U.S. Representative differently from**

**Libertarian Party candidates for statewide partisan political office.**

**<u>Objection</u>:**

Defendant objects to this interrogatory on the grounds that it is vague and

overly broad in that it seeks factual information with respect to a legal affirmative

defense.  Defendant objects further to this interrogatory on the grounds that it seeks

information protected by attorney work product.

The determination of what justifications Defendant may raise in support of

Georgia's ballot access laws is determined by Defendant's legal counsel based on

their legal theories developed as a result of their investigation of the law, facts, and

circumstances of the case.  Disclosure of that analysis would invade the attorney

work product and the attorney client privilege and Defendant is not required to

outline its defense strategy or its theory of the case to Plaintiff.

7

Subject to and without waiving the foregoing objection, Defendant states the following:

The State of Georgia has an important state interest in ensuring that Libertarian Party candidates for both U.S. Representative and statewide partisan office can demonstrate that they have a modicum of support among the electorate that they wish to represent. Some Libertarian Party candidates for statewide office have demonstrated that they have a modicum of support among the statewide electorate, but Libertarian Party candidates for U.S. Representative have not demonstrated that they have a modicum of support within the specific congressional district that they wish to represent. Georgia's ballot access laws serve the state's interest in ensuring that candidates demonstrate a modicum of support in among the specific electorate they wish to represent.

Further, the State of Georgia has a compelling state interest in reducing the number of run-off elections, especially a run-off to the November general election for federal office. This interest is especially true for congressional elections where a winning candidate is to take office on the third day of January. 2 U.S.C. § 7. However, a run-off election to the November general election cannot be completed before January. *See* O.C.G.A. § 21-2-501(a)(3) (run-off election scheduled for "Tuesday of the ninth week following the general election."). The delay in

scheduling run-off elections for federal offices is due to the requirements of the

Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 52

U.S.C. § 20301 *et seq.* Georgia's election scheme requires that the Secretary of

State's office transmit all absentee ballots to military and civilian overseas voters

at least 45 days prior to the date of any election for federal office. *United States v.*

*Georgia*, 778 F.3d 1202, 1203 (11th Cir. 2015). Run-offs of the general election

for state offices, where the requirements of UOCAVA do not apply, are held in

December. O.C.G.A. § 21-2-501(a)(4).


4.    **Please describe in detail the process by which you validate signatures on**

**candidate- or party-qualifying petitions submitted to the Secretary of State's**

**office by political-body and independent candidates.**

<u>**Answer**</u>:

The Secretary of State's Office transmits the pages of the petition to the

applicable county registrar to verify the petition signatures. Registrars are trained

on how to review and validate the petition signatures. A copy of both the

instructions to registrars and training materials are included in Defendant's

response to Plaintiffs' First Request for Production of Documents.

5.      **Please list all candidate- or party-qualifying petitions submitted to the Secretary of State's office since January 1, 2000, and state (i) the candidate or party submitting the petition; (ii) the date on which the petition was submitted; (iii) the approximate number of signatures submitted; (iv) the date on which the Secretary's signature-validation process was completed; and (v) the number of signatures verified.**

<u>**Answer:**</u>

      Pursuant to Rule Pursuant to Rule 33(d), Fed. R. Civ. Proc., in lieu of an answer, Defendant directs Plaintiffs to the petitions previously submitted to the Secretary of State's Office that are in the office's possession and to election returns provided on the Secretary of State's public website.  These documents, which are too voluminous to scan or copy, will be made available to Plaintiffs' counsel for inspection at a mutually agreeable time.  Defendant states further that the burden of deriving or ascertaining the answers to the above interrogatory subparts is substantially the same for either party.

      In addition, Defendant provides the following summary of petitions that have been submitted since 2000.

| | | |
|---|---|---|
| Thomas M. Chernetsky – Lib | HD 85 | 2000 |
| Ginger Collins – Ind | HD 29 | 2000 |
| Doug Stoner – Ind | HD 29 | 2000 |
| Dale Ritchey – Lib | HD 34 | 2000 |
| Leo V. Baca – Lib | HD 94 | 2000 |
| Pat Buchanan - Ind | President | 2000 |
| Saralyn Skinner - GP | HD 8 | 2000 |
| Green Party | Pres. Electors | 2000 |
| Buddy DeLoach – Ind | HD 172 | 2000 |
| Rick Evereteze – Ind | HD 52 | 2000 |
| | | |
| Wayne Parker - Lib | Cong. Dist. 11 | 2002 |
| Harry Lyde  - GP | HD 146 | 2002 |
| Todd King – Lib | SD 44 | 2002 |
| T.J. Smith - Lib | HD 51 | 2002 |
| Chris Crawford – Lib | HD 68 | 2002 |
| Mark Mosley – Lib | HD 82 | 2002 |
| Leo Baca – Lib | HD 84 | 2002 |
| Doug Craig – Lib | HD 84 post 2 | 2002 |

| | | |
|---|---|---|
| June Windham – Ind | HD 114 | 2002 |
| GP  petition for nomination by conv. | | 2002 |
| | | |
| David Corr – Lib | HD 138 | 2004 |
| Josh Perry – Ind | HD 87 | 2004 |
| Hiram Chaker Taylor – Ind | HD 91 | 2004 |
| Stephen Travis Harper – Ind | HD 170 | 2004 |
| Michael B. Crane – So. Pty Ga | SD 51 | 2004 |
| Todd King – Lib | SD 44 | 2004 |
| Ralph Nobles – Lib | HD 60 | 2004 |
| Ken Parmalee – Lib | HD 76 | 2004 |
| Glenn Tatum – Lib | HD 85 | 2004 |
| William J. Kochevar – Lib | HD 109 | 2004 |
| Travis Harper – Ind | HD 170 | 2004 |
| Buddy DeLoach | HD 165 | 2004 |
| | | |
| Gina Diane Carr | SD 20 | 2006 |
| Erik Underwood-Ind | HD 55 | 2006 |
| David Flanagan - Lib | HD 83 | 2006 |

| | | |
|---|---|---|
| E.H. Culpepper – Ind | HD 115 | 2006 |
| Helen Blocker Adams – Ind | HD 1120 | 2006 |
| | | |
| Rance Pettibone – Ind | HD 151 | 2008 |
| Timothy J. Payne – Ind | HD 55 | 2008 |
| Michelle N. Conlon - Ind | HD 80 | 2008 |
| Corey Wimberly – Ind | HD 171 | 2008 |
| Zephariah Baker – Ind | HD 132 | 2008 |
| | | |
| Chuck Pardue – Ind | HD 23 | 2010 |
| E. Culver "Rusty" Kidd – Ind | HD 144 | 2010 |
| | | |
| W.H. "Bill" Bozarth – Ind | HD 54 | 2014 |
| | | |
| Rocky De La Fuente - Ind | President | 2016* |
| | * | Did not meet qualification deadline. |
| Jason Lovett - Ind | SD 130 | 2016 |
| Hien Nguyen | Congress | 2016 |

6.     **Please state the evidentiary basis for your denial of the factual contentions set forth in paragraphs 61 through 66 of the plaintiff's complaint.**

**<u>Answer</u>:**

Defendant is unaware of any evidence to support Plaintiffs' contentions in paragraphs 61 through 66 of the Complaint and therefore denied those allegations. In addition, please see the response to interrogatory no. 4 above and the documents produced therewith.

**<u>VERIFICATION</u>**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing **DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST**

**INTERROGATORIES** are true and correct to the best of my knowledge.


_____

Brian Kemp
Secretary of State

Respectfully submitted,

CHRISTOPHER M. CARR
Attorney General                            112505

ANNETTE M. COWART           191199
Deputy Attorney General

RUSSELL D. WILLARD          760280
Senior Assistant Attorney General

CRISTINA CORREIA            188620
Senior Assistant Attorney General

/s/Josiah Heidt
JOSIAH HEIDT              104183
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
jheidt@law.ga.gov
404-656-3389
FAX 404-657-9932

Attorneys for Defendant

16

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2018, I e-mailed the foregoing Responses

to Plaintiffs' First Set of Interrogatories to Plaintiffs, addressed to:

Bryan L. Sells
The Law Office of Bryan L. Sells, LLC
P.O. Box 5493
Atlanta, GA  31107-0493
bryan@bryansellslaw.com

This 18th day of April, 2018.

/s/Josiah Heidt
JOSIAH HEIDT          104183