## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARTIN COWEN, ALLEN BUCKLEY, AARON GILMER, JOHN MONDS, and the LIBERTARIAN PARTY OF GEORGIA, INC., a Georgia nonprofit corporation, | * * * * * | |
| | * | CASE NO.: 1:17cv04660-LMM |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| BRIAN KEMP, Georgia Secretary of State, | * * | |
| Defendant. | | |

### DEFENDANT'S ANSWER AND DEFENSES

Comes Now, Defendant, Secretary of State Brian Kemp, by and through the Attorney General for the State of Georgia, and files his Answer and Defenses to the allegations of Plaintiff's Complaint as follows:

### FIRST DEFENSE

To the extent Plaintiff seeks monetary damages for any alleged violation of federal constitutional rights the claim is barred by the Eleventh Amendment.

### SECOND DEFENSE

Plaintiff's complaint fails to state a claim for relief.



Plaintiff's SJ Exhibit

033

1

### THIRD DEFENSE

Defendant denies that Plaintiffs have been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States.

### RESPONSES

Answering the specific allegations of the Complaint, Secretary Kemp responds as follows:

1.  Defendant admits that this action challenges Georgia's ballot access laws for political body candidates, including Libertarian Party of Georgia candidates, seeking access to the general election ballot for U.S. Representative. Defendant admits further that pursuant to O.C.G.A. § 21-2-170 candidates must submit a petition signed by five percent of the *active* registered voters eligible to vote in the last election for that office. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 1 and therefore denies same.

2.  Defendant admits the allegations in paragraph 2 of the Complaint but denies that Plaintiffs are entitled to relief.

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Defendant admits that Plaintiff is a registered voter residing in the Thirteenth Congressional District.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint.

8.  Defendant admits that Plaintiff is a registered voter residing in the Thirteenth Congressional District.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9.  Defendant admits that Plaintiff is a registered voter residing in the Eighth Congressional District.  Defendant denies that Plaintiff resides in the Ninth Congressional District.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint.

10.  Defendant admits that Plaintiff is a registered voter residing in the Second Congressional District.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint.

11.  Admitted.

12.  Admitted.

13. Defendant admits that the Libertarian Party of Georgia has run candidates for statewide public offices and for state legislative offices. Defendant admits further that no Libertarian Party of Georgia candidate has appeared on the general election ballot for U.S. House of Representatives. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

14. Admitted.

15. Admitted.

16. Admitted.

17. Defendant admits only that the 1943 session law cited imposed a 5% petition requirement for access to the general election ballot. Defendant admits further that political parties receiving at least five percent of the vote for the office in the prior general election could appear on the ballot without a petition. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 17 of the Complaint regarding the deadline for the petition.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Defendant admits only that the quoted text did appear in a newspaper article in 1943. Defendant responds that the newspaper article speaks for itself, and therefore, no further response by Defendant is required.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied.

34. Denied as stated. Defendant admits only that a political body may qualify to nominate candidates for statewide offices as set out in O.C.G.A.

§ 21-2-180.  Defendant denies that political bodies in this State are more generally

"qualified or not qualified."

35.  Admitted only as it pertains to political body petitions for a slate of

statewide offices.  Defendant denies that either O.C.G.A. §§ 21-2-182 or 21-2-185

pertain to individual candidate petitions for candidates running for the U.S. House

of Representatives.

36.  Defendant denies the suggestion that a political body may be "qualified"

but admits that political bodies may nominate candidates for *statewide* public

office as set out herein.

37.  Defendant denies the suggestion that a political body may be "qualified"

but admits that political body candidates for U.S. House of Representatives must

submit a petition as outlined herein.

38.  Admitted.

39.  Admitted.

40.  Defendant denies the suggestion that a political body may be "qualified"

but admits that political bodies may nominate candidates for *statewide* public

office, other than President, as set out herein.

41.  Admitted.

42.  Defendant denies the suggestion that a political body may be "qualified"

but otherwise admits all allegations herein.

6

43. Admitted.

44. Admitted.

45. Admitted.

46. Defendant admits only that the petition filing deadline in 1964 was October. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 46 of the Complaint.

47. Defendant admits that Billy McKinney appeared on the 1982 ballot as an independent candidate from the Fifth Congressional District. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 47 of the Complaint.

48. Denied, *see* response to ¶ 45.

49. Admitted.

50. Denied. *See* response to ¶ 54.

51. Denied. *See* response to ¶ 54.

52. Defendant admits that Georgia currently has 14 members of the U.S. House of Representatives and that each is elected from a single member district. Defendant denies that the "average" number of signatures required is 19,473. *See* response to ¶ 54 below.

53. Admitted.

54.  Denied.  Defendant admits only that the following are the number of active registered voters per congressional districts in 2016 and the number of signatures required in 2018.

| District | Active Voters (2016) | Signatures Req. (2018) |
|---|---|---|
| 1 | 367,282 | 18,364 |
| 2 | 349,070 | 17,453 |
| 3 | 403,277 | 20,163 |
| 4 | 405,131 | 20,256 |
| 5 | 439,474 | 21,973 |
| 6 | 418,367 | 20,918 |
| 7 | 387,369 | 19,368 |
| 8 | 353,271 | 17,663 |
| 9 | 375,812 | 18,790 |
| 10 | 402,836 | 20,141 |
| 11 | 425,016 | 21,250 |
| 12 | 359,352 | 17,967 |
| 13 | 403,769 | 20,188 |
| 14 | 335,274 | 16,763 |
| Total: | 5,425,300 | 271,257 |

55. Defendant admits that the annual salary and qualifying fee for U.S. House of Representatives is as stated therein and that, like Democratic and Republican Party candidates, Libertarian Party candidates seeking congressional office are required to pay the filing fee.

56. Admitted.

57. Admitted.

58. Defendant admits only that "the Secretary of State must exercise his discretion in determining which method can reasonably be expected to operate in a thorough and professional way so as to produce accurate results." *Anderson v. Poythress*, 246 Ga. 435, 436-437 (1980).

59. Defendant admits only that county registrars, who have responsibility for voter registration in Georgia and maintain voter signature cards, are responsible for validating petition signatures for their respective counties.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendant admits only that candidate De La Fuente submitted a nomination petition with approximately 15,000 signatures, many in the same handwriting and some from persons residing outside of Georgia and not registered to vote in Georgia. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 67 of the Complaint.

68. Admitted.

69. Defendant admits only that the signature verification process yields results consistent with the quality of the canvassers. Defendant denies all remaining allegations in paragraph 69 of the Complaint.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71. Denied.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77. Defendant admits that if fourteen candidates were qualifying by petition for U.S. House of Representatives in 2016, those fourteen candidates would have *cumulatively* required approximately 259,500 signatures. Defendant admits further that this number is approximately 6.3% of the total number of votes cast for President in the 2016 general election.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.  Defendants admit that the filing fee in 2016 was $5,220 for *every* candidate seeking the office of U.S. House of Representative, regardless of party.

84.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.  Defendant admits that more than one Independent and political body candidates for U.S. House of Representatives have been unsuccessful in qualifying for the general election ballot in Georgia.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 of the Complaint, including Plaintiffs' allegation that *some* candidates have unsuccessfully sought ballot access.

87.  Defendant admits only that Cynthia McKinney was a write-in candidate for the Fourth Congressional District in 2012.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 of the Complaint.

88.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.

91.  Defendant admits that in August, 2005, the Veteran's Party of America notified the Secretary of State's Office that one of its members was seeking to run as a political body candidate for the Second Congressional District.  Defendant is without knowledge or information sufficient to form a belief as to whether any Veteran's Party of America candidate ever filed a notice of candidacy in June, 2006 or sought to collect the required number of petition signatures to gain access to the general election ballot.  Defendant denies all remaining allegation in paragraph 91 of the Complaint.

92.  Defendant admits that in April, 2006, Loren Collins notified the Secretary of State's Office of her intention to run as an independent candidate for the Fourth Congressional District.  Defendant is without knowledge or information sufficient to form a belief as to whether Collins ever filed a notice of candidacy in June, 2006 or sought to collect the required number of petition signatures to gain access to the general election ballot.  Defendant denies all remaining allegation in paragraph 92 of the Complaint.

93.  Defendant admits that in April, 2006, Jay Fisher notified the Secretary of State's Office of his intention to run as a Libertarian candidate for the Sixth Congressional District.  Defendant is without knowledge or information sufficient

13

to form a belief as to whether Fisher ever filed a notice of candidacy in June, 2006 or sought to collect the required number of petition signatures to gain access to the general election ballot. Defendant denies all remaining allegation in paragraph 93 of the Complaint.

94. Defendant admits that in April, 2006, Chip Shirley notified the Secretary of State's Office of his intention to run as an independent candidate for the Tenth Congressional District. Defendant is without knowledge or information sufficient to form a belief as to whether Shirley ever filed a notice of candidacy in June, 2006 or sought to collect the required number of petition signatures to gain access to the general election ballot. Defendant denies all remaining allegation in paragraph 94 of the Complaint.

95. Defendant admits that in April, 2006, Richard Clarke notified the Secretary of State's Office of his intention to run as an independent candidate for the Twelfth Congressional District. Defendant is without knowledge or information sufficient to form a belief as to whether Clarke ever filed a notice of candidacy in June, 2006 or sought to collect the required number of petition signatures to gain access to the general election ballot. Defendant denies all remaining allegation in paragraph 95 of the Complaint.

96. Defendant admits that in February, 2004, the Veteran's Party of America notified the Secretary of State's Office that one of its members was

seeking to run as a political body candidate for the Second Congressional District.

Defendant is without knowledge or information sufficient to form a belief as to

whether any Veteran's Party of America candidate ever filed a notice of candidacy

in June or July, 2004 or sought to collect the required number of petition signatures

to gain access to the general election ballot. Defendant denies all remaining

allegation in paragraph 96 of the Complaint.

97. Defendant admits that in April, 2004, Steven Muhammad notified the

Secretary of State's Office of his intention to run as an independent candidate for

the Fifth Congressional District. Defendant is without knowledge or information

sufficient to form a belief as to whether Muhammand ever filed a notice of

candidacy in June or July, 2004 or sought to collect the required number of petition

signatures to gain access to the general election ballot. Defendant denies all

remaining allegation in paragraph 97 of the Complaint.

98. Defendant admits that in April, 2004, Andy Altizer notified the

Secretary of State's Office of his intention to run as an independent candidate for

the Sixth Congressional District. Defendant is without knowledge or information

sufficient to form a belief as to whether Altizer ever filed a notice of candidacy in

June or July, 2004 or sought to collect the required number of petition signatures to

gain access to the general election ballot. Defendant denies all remaining

allegation in paragraph 98 of the Complaint.

15

99.  Defendant admits that in March, 2004, Chris Borcik notified the Secretary of State's Office of his intention to run as an independent candidate for the Eighth Congressional District.  Defendant is without knowledge or information sufficient to form a belief as to whether Borcik ever filed a notice of candidacy in June or July, 2004 or sought to collect the required number of petition signatures to gain access to the general election ballot.  Defendant denies all remaining allegation in paragraph 99 of the Complaint.

100.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint.

102.  Defendant admits that in April, 2004, Malcolm Rogers notified the Secretary of State's Office of his intention to run as an independent candidate for the Thirteenth Congressional District.  Defendant is without knowledge or information sufficient to form a belief as to whether Rogers ever filed a notice of candidacy in June or July, 2004 or sought to collect the required number of petition signatures to gain access to the general election ballot.  Defendant denies all remaining allegation in paragraph 102 of the Complaint.

103.  Defendant admits that in January, 2004, Philip Bradley notified the Secretary of State's Office of his intention to run as a Libertarian Party candidate

16

for the Thirteenth Congressional District. Defendant is without knowledge or information sufficient to form a belief as to whether Bradley ever filed a notice of candidacy in June or July, 2004 or sought to collect the required number of petition signatures to gain access to the general election ballot. Defendant denies all remaining allegation in paragraph 103 of the Complaint.

104. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105. Defendant admits that in June, 2002, Ryan Anthony Cancio notified the Secretary of State's Office of his intention to run as an independent candidate for the Sixth Congressional District. Defendant is without knowledge or information sufficient to form a belief as to whether Cancio ever filed a notice of candidacy in August, 2002, or sought to collect the required number of petition signatures to gain access to the general election ballot. Defendant denies all remaining allegation in paragraph 105 of the Complaint.

106. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint.

107. Defendant admits that in April, 2002 Al Herman notified the Secretary of State's Office of his intention to run as an independent candidate for the Seventh Congressional District. Defendant admits further that in July, 2002, the Georgia Green Party inquired of the Secretary of State's Office about the number of

17

petition signatures needed for all statewide offices and for the Seventh

Congressional District.  Defendant admits further that the Georgia Green Party

identified Al Herman as the Georgia Green Party's nominee for the Seventh

Congressional District.  Defendant is without knowledge or information sufficient

to form a belief as to whether Herman ever filed a notice of candidacy in August,

2002, or sought to collect the required number of petition signatures to gain access

to the general election ballot.  Defendant denies all remaining allegation in

paragraph 107 of the Complaint.

108.  Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 108 of the Complaint.

109.  Defendant admits that in January, 2002, Daniel Kozarich notified the

Secretary of State's Office of his intention to run as an independent candidate for

the Tenth Congressional District.  Defendant is without knowledge or information

sufficient to form a belief as to whether Kozarich ever filed a notice of candidacy

in August, 2002, or sought to collect the required number of petition signatures to

gain access to the general election ballot.  Defendant denies all remaining

allegation in paragraph 109 of the Complaint.

110.  Defendant admits that sometime prior to June 14, 2002, Brian Brown

notified the Secretary of State's Office of his intention to run as an independent

candidate for the Tenth Congressional District.  Defendant is without knowledge or

information sufficient to form a belief as to whether Brown ever filed a notice of candidacy in August, 2002, or sought to collect the required number of petition signatures to gain access to the general election ballot. Defendant denies all remaining allegation in paragraph 110 of the Complaint.

111. Admitted.

112. Defendant admits that in April, 2002, Ron Smith notified the Secretary of State's Office of his intention to run as an independent candidate for the Thirteenth Congressional District. Defendant is without knowledge or information sufficient to form a belief as to whether Smith ever filed a notice of candidacy in August, 2002, or sought to collect the required number of petition signatures to gain access to the general election ballot. Defendant denies all remaining allegation in paragraph 112 of the Complaint.

113. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint.

114. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint and therefore denies same.

115. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint and therefore denies same.

19

116.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint and therefore denies same.

117.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint and therefore denies same.

118.  Defendant admits that in the three elections cycles from 2012-2016 there were a total of fifteen congressional districts where the primary election winner had no opposition in the general election.  Defendant admits further that the fifteen races represent nearly 36% of fourteen seats times three election cycles. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 of the Complaint and therefore denies same.

119.  Defendant admits that in the 2016 general election the winner of the primary election in congressional districts 1, 9, 10, 13, and 14 was unopposed in the general election.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 of the Complaint and therefore denies same.

120.  Defendant admits that in the 2014 general election the winner of the primary election in congressional districts 3, 4, 5, 8, 11, 13 and 14 was unopposed

in the general election. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 of the Complaint and therefore denies same.

121. Defendant admits that in the 2012 general election the winner of the primary election in congressional districts 3, 8 and 10 was unopposed in the general election. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121 of the Complaint and therefore denies same.

122. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint.

123. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint.

124. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint.

125. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint and therefore denies same.

126. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint.

127.  Defendant admits only that *some* Libertarian Party candidates have demonstrated substantial support among Georgia's electorate.  Defendant admits further that the Libertarian Party has had at least one statewide candidate receive more than 1% of support in the general election since 1988.  Defendant denies any remaining allegations in paragraph 127 of the Complaint.

128.  Admitted.

129.  Defendant denies the suggestion that a political body may be "qualified" but admits that political bodies in Georgia may nominate candidates for a slate of statewide offices without petition but not candidates for other offices.

130.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint and therefore denies same.

131.  Defendant admits only that, cumulatively, Libertarian Party candidates for statewide office have received millions of votes.

132.  Admitted.

133.  Admitted.

134.  Admitted.

135.  Defendant admits that with respect to statewide elections, as was the case in *Green Party of Georgia v. Kemp*, the Libertarian Party of Georgia has at times enjoyed significant support.

22

136.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Complaint and therefore denies same.

137.  Admitted.

138.  Defendant admits only that the Republican Party ran a full slate of candidates for U.S. Representative in Georgia in 1990, 1992, and 1994.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 of the Complaint and therefore denies same.

139.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint and therefore denies same.

140.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint and therefore denies same.

141.  Denied.  Candidates for political parties must run in primary elections to win a place on the general election ballot.  State law provides an alternative method of getting on the ballot for independent and political body candidates.  State law provides two alternative paths, "neither of which can be assumed to be

inherently more burdensome than the other." *Jenness v. Fortson*, 403 U.S. 431, 441 (1971).

142.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint and therefore denies same.

143.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint and therefore denies same.

144.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint and therefore denies same.

145.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint and therefore denies same.

146.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint and therefore denies same.

147.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint and therefore denies same.

148. Denied.

149. Denied.

150. Admitted.

151. Defendant admits that Plaintiffs have no remedy at law but denies that they are entitled to injunctive relief.

152. Denied.

153. As to the unnumbered paragraph beginning with "WHEREFORE," and including paragraphs (1) through (8), Defendant denies that Plaintiff is entitled to any remedy, relief, damages, fees or costs in this action.

154. All other factual averments, legal conclusions or claims for relief not expressly admitted are denied.

WHEREFORE, having answered Plaintiffs' Complaint, and stated defenses and objections, Defendant respectfully requests Plaintiffs' claims be dismissed, Plaintiffs' prayers for relief be denied in each and every particular with all costs cast upon Plaintiffs, and for such other relief as this Court may deem just and proper.

Respectfully submitted,

CHRISTOPHER M. CARR
Attorney General                    112505

ANNETTE M. COWART          191199
Deputy Attorney General

RUSSELL D. WILLARD          760280
Senior Assistant Attorney General


/s/Cristina Correia
CRISTINA CORREIA          188620
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
correia@law.ga.gov
404-656-7063
404-651-9325


Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Defendant's Answer and Defenses was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

## CERTIFICATE OF SERVICE

     I hereby certify that on this date I have electronically filed the foregoing

**DEFENDANT'S ANSWER** with the Clerk of Court using the CM/ECF system,

which will automatically send email notification of such filing to all attorneys of

record.


This 8th day of February, 2018.


                   /s/ Cristina Correia
                   Assistant Attorney General