IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MACEO CARL DIXON, <br><br> Plaintiff <br><br> v. <br><br> THE HONORABLE DAVID B. POYTHRESS, <br><br> SECRETARY OF STATE OF THE <br><br> STATE OF GEORGIA <br><br> Defendant | CIVIL ACTION FILE NO. C-92177 <br> L/4-489 <br><br> APPLICATION FOR WRIT OF MANDAMUS, PETITION FOR DECLARATORY JUDGMENT AND APPLICATION FOR INTERLOCUTORY INJUNCTION |

Now comes Plaintiff MACEO CARL DIXON, named above and files his Application for Writ of Mandamus, Petition for Declaratory Judgment and Application for Interlocutory Injunction as follows:

COUNT ONE

1.

The petitioner is MACEO CARL DIXON. He is the Socialist Workers Party candidate for the Fifth Congressional District for United States Congress in Georgia in the 1982 General Election to be held November 30, 1982. He meets the qualifications described in the United States Constitution for election to the office that he seeks in that he is a natural born citizen of the United States, has obtained the age of 33 years and is a bona fide resident of the Fifth Congressional District as required by Law.

2.

The Defendant David B. Poythress, Secretary of the State of Georgia maintains his principal office at 214 State Capitol Building, Atlanta, Fulton County, Georgia, and is responsible and charged by Law with the duty of administering and supervising the nomination of candidates by petition as set forth in Ga. Code Sect. 34-1010 et. seq., Official code of Georgia Sect. 21-2-170, et seq.

Plaintiff's SJ Exhibit 035

3.

That pursuant to Ga. Code Sect. 34-1010 and Official Code of Georgia Sect. 21-2-170 et seq.; petitioner was required to file with Defendant's office a nomination petition comprised of a number of signatures of registered voters in the Fifth Congressional District equivalent in number to the number which reasonably approximates the product derived by multiplying 5% of the number of electors within the district eligible to vote at the last general election times a fraction; the numerator of this fraction shall be the number of days within the period prescribed for circulation of petitions and the denominator shall be 180. In no event, however, shall the number of electors whose signature is required to be set at less than one-half of 1% of the number of electors within the district eligible to vote at the general election. Said number as stipulated by the Secretary of State's office is Four Thousand Thirty-Seven (4,037) signatures.

4.

On or about October 20, 1982, petitioner filed in the Defendant's office a nomination petition containing about Seven Thousand Eight Hundred Twenty-One (7,821) signatures of registered Georgia voters in the Fifth Congressional District, pursuant to the order of the United States District Court for the District of Columbia, George Busbee v. William French Smith, et al. Civil No. 82-0665. A copy of said order is attached hereto as Exhibit "A" and is incorporated by reference herein.

5.

At the time of said filing, Petitioner, through his representatives, was advised by the Secretary of State's office that a response from said office based upon a review of the petition and the signatures contained therein would be rendered on or before October 29, 1982. In fact, notification to Petitioner was denied based upon an insufficient number of valid signatures received, on

November 1, 1982 by letter, a copy is attached hereto
as Exhibit "B" and is incorporated herein by reference.

6.

After November 1, 1982, representatives for Petitioner
secured copies of the worksheets used by employees of the
Secretary of State's office and various County officials
in conducting the verification process with regard to
said petition.

7.

Based upon information and belief, and an analysis of
said worksheets, the Petitioner, through his representatives,
determined that over Three Thousand (3,000) signatures
contained in the nomination petition described above had been
stricken as invalid by employees of the Secretary of State
on the basis that particular voters were not registered to
vote in the county of his or her residence; that particular
voters were incorrectly identified as not being registered
to vote in the State of Georgia; and that particular voters
were incorrectly stricken as having a Post Office address as
their place of residence.

8.

On information and belief, Petitioner contends that a
substantial number of alleged ungenuine and illegible
signatures were incorrectly stricken as invalid signatures
and should be counted as valid signatures toward the
requisite total.

9.

Petitioner alleges that upon a proper accounting of
the signatures contained in the petition, Petitioner should
have been placed upon the general election ballot for
November 30, 1982, and that the Secretary of State's decision
to deny Petitioner a place on said ballot is in error.

10.

Petitioner further alleges that upon information and
belief, the Secretary of State intends to print the ballots
for said election after November 4, 1982, and that the printing
of said ballot without the names of Petitioner imprinted

thereon will result in irreparable harm to Petitioner.

### COUNT TWO

11.

The Petitioner realleges paragraphs 1 through and including 10 as if initially set forth herein.

12.

Petitioner alleges that an independent candidate, Rep. Billy McKinney, has secured a position on the November 30, 1982 general election ballot by securing signatures in excess of Four Thousand Thirty-Seven (4,037) of registered voters in the Fifth Congressional District.

13.

Petitioner alleges upon information and belief that employees of the Secretary of State and other County officials credited registered voter signatures and residences for Rep. Billy McKinney that were stricken as invalid signatures and residences for Petitioner as candidate for the Socialist Workers Party.

14.

Petitioner alleges upon information and belief that the practices, procedures and methods instituted and used by the Secretary of State's office, its employees, agents and representatives were arbitrary, capricious, and discriminatory in that such practices, procedures and methods have denied Petitioner equal access to the ballot on November 30, 1982 general election thereby depriving Petitioner of equal protection and due process of Law in violation of First, Fifth and Fourteenth Amendments of the United States Constitution and Art. I, Sec. I, Para. I (Ga. Code Sect. 2-101) and Art. I, Sec. I, Para. IV (Ga. Code Sect. 2-104 Harrison 1977) of the Georgia Constitution.

15.

Petitioner alleges that the practices, procedures and methods used by the Secretary of State's office in denying Petitioner equal access to said ballot discriminates against

the political affiliation and association of Petitioner and the Socialist Workers Party and violates his First, Fifth, and Fourteenth Amendment rights as guaranteed by the United States Constitution, and Art I, Sec. I, Para I (Ga. Code 2-101) and Art. I, Sec. I, Para. IV (Ga. Code 2-104 Harrison, 1977) of the Georgia Constitution.

16.

Petitioner alleges that there is an actual controversy between the defendant growing out of the practices, procedures and methods employed by the Secretary of State's office, its employees, agents and representatives to determine valid and invalid registered voters in the Fifth Congressional District.

17.

Petitioner alleges that his rights, as guaranteed by the United States and Georgia Constitution in reference to said controversy should be declared by this Court, and Petitioner is entitled to a declaration of his rights and a declaration with reference to his legal relations thereto.

18.

Petitioner alleges that his Court should designate a time after service of this Complaint for trial and that process issue thereon for a trial of this controversy.

COUNT THREE

19.

Petitioner realleges paragraphs 1 through and including 10, and paragraphs 12 through and including 18 as if initially set forth herein.

20.

Petitioner alleges that he will suffer irreparable harm and injury if he is denied the right to have his name on the November 30, 1982 general election ballot.

21.

Petitioner alleges that there is a likelihood of success of his case on its merits if said case proceeds to trial.

22.

Petitioner alleges that the equitable balancing of

hardship to defendant and himself weighs in his favor and the public interest.

23.

Petitioner has no remedy at Law.

24.

Petitioner alleges that defendant, his agents, employees and representatives should be enjoined and restrained from printing ballots and holding the general election for November 30, 1982 until Petitioner's name is imprinted on said ballot.

WHEREFORE, Petitioner respectfully prays that:

(1) this Court issue a Writ of Mandamus against defendant David B. Poythress, Secretary of State of the State of Georgia requiring and directing him and his office to place the Petitioner on the general election ballot for November 30, 1982;

(2) this Court issue an interlocutory injunction against defendant David B. Poythress, Secretary of State of the State of Georgia enjoining and restraining him, his office, agents, employees, and representatives from publishing or printing any ballots and from scheduling and holding the general election for November 30, 1982 until Petitioner is placed on said ballot;

(3) this Court issue a declaratory judgment declaring the rights and duties of the parties in this action and declaring that the practices, procedures and methods employed by the Secretary of State's office, its employees, agents, and representatives violate the Petitioner's rights as guaranteed by the First, Fifth and Fourteenth Amendments of the United States Constitution and Art. I, Sec. I, Para. I (Ga. Code 2-101) and Art. I, Sec. I, Para IV (Ga. Code 2-104 Harrison, 1977) of the Georgia Constitution;

(4) this Court issue a Rule Nisi requiring defendant the Honorable David B. Poythress, Secretary of State of the

State of Georgia to appear and show cause as soon as practicable why the prayers of Petitioner should not be granted; and

(5) this Court Grant Petitioner such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          _____
          Torin D. Togut
          Attorney for Petitioner

116 E. Howard Avenue
Decatur, Georgia 30030
373-5515