[left page, partially cut off:]

Assembly; and the person having the
shall be declared duly elected Governor
...ave such majority, then from the two
votes, who shall be in life, and shall
...nted for the General Assembly to elect
..., elect a Governor viva voce; and in
...e General Assembly, a majority of the
... choice."

...ution seem to clearly require that the
...d published in the presence and under
Unless there is a special session, the
...mbly will be in January of 1949.
...any information or assistance that I
understanding that the same is given
... is not an official ruling.

---

qualify not later than 30 days prior
... fix an earlier date.

July 21, 1948

way from the office on official busi-
...ty of replying to your letter of July
...erning the closing date for candidates
...g primary.
...le provides in part as follows:
for State and county offices including
...ualify as such candidates in accord-
...the primary, not later than 30 days
...and the committee or other party
...y other or different time limit for

...he rules of the party to fix the clos-
...es, provided at least 30 days elapse
primary.
...lection for district and county offices
...nended Code, which provides in part

county offices, either by themselves
nominating them, shall file notice of
county at least 15 days before the

... applies only to the general election.
this State, the Attorney General is
to anyone other than the Governor
...tate upon matters pertaining to the
...nderstand that this letter is simply
writer, and is sent in the hope that
...efit to you.

---

[right page:]

## ELECTIONS—Candidates (Unofficial)

Notice of candidacy for State or National offices must be filed at least 30 days prior to regular election, and for district or county offices, 15 days prior thereto.

July 22, 1948

Hon. Len Taylor
Clerk Superior Court

Attorney General Eugene Cook is away from the office at this time on official business, and for that reason I am taking the liberty of replying to your letter of July 19th, in which you request information concerning the qualifying date for candidates who desire to run for office in the general election.

Section 34-1904 provides in part as follows:

". . . All candidates for national and State offices, or the proper authorities of the political party nominating them, shall file notice of their candidacy, giving their names and the offices for which they are candidates, with the Secretary of State, at least 30 days prior to the regular election, except in cases where a second primary election is necessary: Provided, further, that such candidate shall also file a petition for that purpose signed by not less than five per cent. of the registered voters in that territory or that such political party shall have cast no less than five per cent. of the votes in the last general election next preceding for the election of such officer; but nothing in this proviso shall be construed as applying to special elections. The names of such candidates shall be filed with the Secretary of State as soon as possible after the determination of the result of said second primary. All candidates for district and county offices, either by themselves or by the proper authorities of the party nominating them, shall file notice of their candidacy with the ordinary of the county at least 15 days before the regular election, . . ."

Under the Constitution and laws of this State, the Attorney General is prohibited from rendering official opinions to anyone other than the Governor and heads of the various departments of State upon matters pertaining to the interests of the State. I am glad however, to cite the Code Section quoted above, and hope that it will be of benefit to you.

---

## ELECTIONS—Candidates (Unofficial)

Because of ambiguity in Five Per Cent Law relating to candidates for county offices, the Ordinary has some discretion in interpreting intention of legislature.

August 25, 1948

Hon. T. N. Holcombe, Ordinary
Lowndes County

I am pleased to acknowledge receipt of your letter of August 23rd, in which you state that an independent candidate may offer to run in the November general election for a county office. You desire to know whether or not you will have to print his name on the ballot without such a person obtaining a list of 5% of the qualified voters of the county.

EXHIBIT C
Blumberg No. 5119

Cowen Prod 6: 160158

Under the Constitution and laws of this State, the Attorney General is prohibited from rendering official opinions to anyone other than the Governor and heads of the various departments of State upon matters pertaining to the operation of the State government. I am therefore precluded from giving you an official ruling on the above question. However, it is a pleasure for me to refer you to the applicable provision of law and give you my personal view concerning the same.

Section 34-1904 of the Amended Code reads in part as follows:

" . . . All candidates for national and State offices, or the proper authorities of the political party nominating them, shall file notice of their candidacy, giving their names and the offices for which they are candidates, with the Secretary of State, at least 30 days prior to the regular election, except in cases where a second primary election is necessary: Provided, further, that such candidate shall also file a petition for that purpose signed by not less than five per cent. of the registered voters in that territory or that such political party shall have cast no less than five per cent. of the votes in the last general election next preceding for the election of such officer; but nothing in this proviso shall be construed as applying to special elections. The names of such candidates shall be filed with the Secretary of State as soon as possible after the determination of the result of said second primary. All candidates for district and county offices, either by themselves or by the proper authorities of the party nominating them, shall file notice of their candidacy with the ordinary of the county at least 15 days before the regular election. . . "

It is true that the language of the above statute is not altogether clear as to whether the 5% applies to the county election, or only to national and State offices. The purpose of the above law as you know, was to prevent persons with little or no following encumbering the official ballot. There is no law which prevents the voters from writing in the name of any person they may desire to vote for. This can be done by simply striking the name printed on the ballot. It would appear that since the language employed by the legislature in this statute is somewhat vague as to whether the 5% feature applies to county offices, you, as ordinary, would be given some discretion in seeking to place your own interpretation upon the intention of the legislature in passing this law. It would also be my suggestion that you consult your county attorney in order to get the benefit of his view in this matter, since he can give you an official ruling on the question.

The appellate courts of Géorgia have not ruled upon the question you ask, and I am therefore unable to cite you any judicial authority on this issue. I regret that we do not have at our command some positive means of giving you a direct answer to this perplexing question.

### ELECTIONS—Candidates—County Commissioner

Provisions with reference to the time and manner in which independent candidates should qualify for county offices are contained in Sec. 34-1904, Georgia Code.

October 4, 1948

Hon. W. O. Harrell, Ordinary

I am pleased to acknowledge your letter of September 28th, in which you ask for information concerning the requirements for an independent to have