IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Martin Cowen**, et al., | Case No. 1:17-cv-04660-LMM |
| Plaintiffs, | |
| vs. | |
| **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, | **Plaintiffs' Second Motion for Summary Judgment** |
| Defendant. | |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the plaintiffs respectfully move the Court for summary judgment on their claims that Georgia's ballot-access restrictions violate rights guaranteed to them by the First and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment. The plaintiffs seek declaratory and injunctive relief prohibiting the Secretary of State from enforcing those restrictions to the extent that they violate the Constitution.

If the Court does not grant all of the relief requested by this motion, the plaintiffs further move the Court to enter an order setting forth the material facts that are not in dispute and treating those facts as established in the case for purposes of trial.[1] Fed. R. Civ. P. 56(g).

This is the plaintiffs' second motion for summary judgment. This Court resolved a first round of summary-judgment motions in the defendant's favor, but the Eleventh Circuit vacated that decision and remanded the case to this Court for further proceedings. *See Cowen v. Ga. Sec'y of State*, 960 F.3d 1339 (11th Cir. 2020).

Attached to this motion is a revised brief in support of the plaintiffs' motion which takes into account, among other things, the Eleventh Circuit's decision. But rather than re-submit the voluminous record that was filed in the first round, the plaintiffs incorporate by reference their original statements of undisputed material facts (ECF 69-2, 96-2, 105-1) and all of the declarations and other evidence submitted in the first round (ECF 69-3 through 69-46, 70-1, 96-3 though 96-7, 100-1, 105-3 through 105-8).

---

[1] The plaintiffs also claim in this case that Georgia's five-percent petition requirement is unconstitutional because it was adopted for a discriminatory purpose. (ECF 1 ¶¶ 18-19.) The plaintiffs have not moved for summary judgment on that claim because the parties have a genuine factual dispute about that purpose. If the Court does not grant all of the relief requested by this motion, that dispute can only be resolved at trial.

Respectfully submitted this 28th day of August, 2020.

**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing PLAINTIFFS' SECOND MOTION FOR SUMMARY JUDGMENT was prepared in 13-point Century Schoolbook in compliance with Local Rules 5.1(C) and 7.1(D).


**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically filed the foregoing PLAINTIFFS' SECOND MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Charlene McGowan: CMcGowan@law.ga.gov

**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com