IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN COWEN, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| BRAD RAFFENSPERGER, in his : | CIVIL ACTION NO. |
| official capacity as Secretary of State : | 1:17-CV-04660-LMM |
| of Georgia, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case comes before the Court on the parties' responses [166, 167] to the Court's proposed remedy [165]. After due consideration, the Court enters the following Order:

**I.   DISCUSSION**

In this voting-rights case, the Court previously granted summary judgment in Plaintiffs' favor. Dkt. No. [159]. The Court determined that Georgia's ballot-access scheme imposed an unconstitutional burden on Plaintiffs' First and Fourteenth Amendment rights. Dkt. No. [159]. The Court accordingly directed the parties to brief appropriate remedies for that violation. Id. After considering the parties' positions, the Court rejected parts of their proposed remedies, Dkt. No. [165], and proposed a remedy: "to reduce the petition-signature requirement

1

to 1% of registered voters in the prior election while leaving the rest of the ballot-access scheme in place." Id. at 9. The Court determined that this remedy would alleviate the unconstitutional burden imposed upon Plaintiffs, while safeguarding the State's interest in preventing ballot crowding and frivolous candidacies. However, the Court allowed the parties to respond to its proposal. The parties have now filed responses. Dkt. Nos. [166, 167].

After carefully considering the parties' responses, the Court maintains that the best solution to balance the parties' competing interests would be to enjoin the Secretary of State from enforcing the 5% petition-signature requirement of O.C.G.A. § 21-2-170(b), while replacing that requirement with a 1% petition requirement until the General Assembly can craft a constitutional replacement to the enjoined law. Georgia's ballot-access scheme will be unaffected in all other respects.[1] This 1% petition requirement is similar to what the legislature requires in other races but remedies the constitutional problems Plaintiffs raised in this case.

---

[1] In their briefing, Plaintiffs oppose the 1% requirement on the grounds that it will still place an undue burden upon them, and they argue that several other aspects of Georgia's ballot-access laws should be altered to effectuate the Court's remedy. Dkt. No. [167]. These other aspects include, for example, the timeline for the Secretary of State to tabulate petition signature thresholds. Plaintiffs argue that the Secretary's potential delay in tabulation calls for a pro-ration of the petition signature requirement. The Court rejects Plaintiffs' proposals because they would broaden the remedy beyond the constitutional violation shown in this case.

## II. CONCLUSION

Based upon the foregoing, Defendant Brad Raffensperger is **PERMANENTLY ENJOINED** from enforcing the five percent petition-signature requirement in O.C.G.A. § 21-2-170(b).

Until the Georgia General Assembly enacts a permanent measure, a candidate to whom this signature requirement applies may access the ballot by submitting a nomination petition signed by a number of voters equal to one percent of the total number of registered voters eligible to vote in the last election for the office the candidate is seeking, and the signers of such petition shall be registered and eligible to vote in the election at which such candidate seeks to be elected.

**IT IS SO ORDERED** this  3rd day of September, 2021.

_____
**Leigh Martin May**
**United States District Judge**