IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Martin Cowen**, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, <br><br> Defendant. | Case No. 1:17-cv-04660-LMM <br><br> **Plaintiffs' Response in Opposition to the Defendant's Emergency Motion to Stay Permanent Injunction Pending Appeal** |

    If at first you don't succeed, try, try again. And again. And again. And again. And again. The Secretary of State asks this Court to stay its judgment and injunction in favor of the plaintiffs on the ground that he is likely to succeed on appeal. (ECF 182.) But he relies on the same legal argument flowing from *Jenness v. Fortson*, 403 U.S. 431, 438 (1971), and its progeny that he has made—unsuccessfully—five times over the last eight years. The Court should deny the Secretary's motion because he is not likely to succeed on his sixth attempt.

## Argument

A stay pending appeal is "extraordinary" relief. *Williams v. Zbaraz*, 442 U.S. 1309, 1311 (1979) (Stevens, J., in chambers). The legal standard requires a court to consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The first two factors are the "most critical," but a stay is "not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* at 434, 438.

### I. The Secretary is unlikely to succeed on appeal.

The Secretary's primary argument for success on the merits is that this Court's injunction conflicts with *Jenness* and its progeny. (ECF 159 at 3-9.) This is the same argument that he made four times on appeal in the *Green Party* case and once already on appeal in this case.[1] And the Eleventh Circuit has rejected it each time.

---

[1] *See* Appellee's Br. 10-14, *Cowen v. Raffensperger*, No. 19-14065 (11th Cir. Dec. 13, 2019); Appellant's Br. 25-27, *Green Party v. Kemp*, No. 16-11689 (11th Cir. June 6, 2016); Appellant's Pt. Reh'g 8-9, *Green Party v.*

When the Eleventh Circuit rejected the argument in this case, it observed that *Jenness* is still good law and that, on remand, the plaintiffs would have to distinguish *Jenness*, "either because of different facts in the instant record, as compared to the record in Jenness; changes in the relevant Georgia legal framework; or the evolution of the relevant federal law." *Cowen v. Georgia Sec'y of State*, 960 F.3d 1339, 1346 (11th Cir. 2020). So that's what the plaintiffs did. And, in granting the plaintiffs' motion for summary judgment, this Court expressly found "that Plaintiffs have satisfactorily distinguished *Jenness*." (ECF 159 at 28.)

The Court addressed these distinctions at length. (*Id.* at 28-36.) The Court found, for instance, that the qualifying fee was not at issue in *Jenness* but is an important part of the plaintiffs' case here. (*Id.* at 30.) The Court found that Georgia law has changed in the 50 years since *Jenness*. (*Id.* at 30-31.) The Court found that the record here is very different. (*Id.* at 31-32.) And the Court found that federal law has

---

*Kemp*, No. 16-11689 (11th Cir. Feb. 22, 2017); Appellee's Br. 3-11, *Green Party v. Georgia*, No. 13-11816 (11th Cir. Sept. 16, 2013); Appellee's Pet. Reh'g 10-11, *Green Party v. Georgia*, No. 13-11816 (11th Cir. Jan. 27, 2014).

evolved in the 50 years since *Jenness*. (*Id.* at 32-33.) These findings, based on undisputed facts, are unlikely to be overturned for clear error on appeal.

The Secretary's arguments to the contrary are weak. He argues, for instance, that the Eleventh Circuit "expressly held" in *Coffield v. Kemp*, 599 F.3d 1276 (11th Cir. 2010), that Georgia law has not changed since *Jenness*. (ECF 182 at 5-6.) But calling something a "holding" does not make it so. The quoted portion of *Coffield* is pure dictum, and the Eleventh Circuit recognized as much in this very case. *See Cowen*, 960 F.3d at 1345 (describing the actual holding of *Coffield*). The Secretary also argues, without even citing *Anderson v. Celebrezze*, 460 U.S. 780 (1983), that ballot-access law hasn't changed since *Jenness*. (ECF 182 at 6-7.) He just ignores this Court's explanation of precisely how *Anderson* changed the law. (ECF 159 at 32-33.) And he argues that the record does not support the Court's finding that Georgia's ballot-access laws impose a severe burden on the plaintiffs' rights. (ECF 182 at 7-8.) But he does not address the many undisputed facts in the "robust record" that the Court relied on when making that

4

finding.[2] (ECF 159 at 15-27.) That doesn't begin to establish clear error. S*ee Lopez Torres v. New York State Bd. of Elections,* 462 F.3d 161, 195 (2d Cir. 2006) (a district court's finding of severity is reviewed for clear error), *rev'd on other grounds* 552 U.S. 196 (2008).

The Secretary therefore hasn't made a strong showing that he is likely to succeed on his *Jenness* argument.

The Secretary's other argument on the merits is that the Court's remedial injunction is overbroad. (ECF 182 at 9-12.) He contends that it was an abuse of discretion for the Court to enjoin the Secretary from enforcing the five-percent petition requirement in full and that the Court should have only enjoined him from enforcing it against candidates for United States Representative. (*Id.*)

This is no reason to stay the *entire* injunction. If the Court determines that its injunction is overbroad, then it should simply *modify the injunction. See* Fed. R. Civ. P. 62(d) (providing that a court may modify an injunction pending appeal); Fed. R. App. P. 8(a)(1)(C) (same). It would make no sense to put the whole injunction on hold

---

[2] The Court also said that it would reach the same result under a less exacting level of scrutiny. (ECF 159 at 42.) The Secretary does not address that conclusion in his motion.

when the Secretary questions only a small piece of it.

But this Court has already considered and rejected the Secretary's argument that the injunction is overbroad. (ECF 166 at 1-4.) The argument is almost entirely copied and pasted from the Secretary's objections to the Court's proposed remedial order.

The Court's remedial order doesn't explain why it rejected the Secretary's argument, but enjoining the law in full rather than office-by-office likely lies within the Court's sound discretion. The Secretary has identified no authority for the proposition that a remedial order must be so limited, and the plaintiffs are aware of none.

The Secretary thus hasn't shown a strong likelihood of success on his overbreadth argument, either. At the very least, it is no reason to stay the entire injunction.

## II. The equities weigh against a stay.

Because of the Secretary's slim chance of success on appeal, the Court need not address the other stay factors at length. It is nonetheless obvious that the plaintiffs would be harmed by a stay because they would be excluded from the ballot yet again. Georgia voters hoping to support third-party candidates would be harmed as well. As this Court

has recognized "[n]o such Georgia voter has been able to associate with others who share their views—to express their beliefs by supporting an alternative candidate to those chosen by the Democratic and Republican parties." (ECF 159 at 15-16.)

The Secretary, by contrast, offers little beyond the general harm of being enjoined from effectuating state statutes. He suggests that the mere possibility of reversal on appeal threatens "chaos and uncertainty" in the electoral process, and he says that he therefore "should not be forced to implement new election procedures while an appeal is pending." (ECF 182 at 13.) But such a rule would amount to an automatic stay in successful election cases, and no court has ever so held. He identifies no practical impediments to implementing the Court's injunction and no other specific possibility of harm.

The public interest in this case is clear. The voting public has a vital interest in a broad selection of candidates, *see Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 38 (2d Cir. 1993), and a stay would mean that Georgia voters would have no alternatives to the candidates nominated by the Democratic and Republican parties.

Under these circumstances, the balance of the equities weighs heavily against a stay.

## Conclusion

The Court should deny the Secretary's motion for a stay.

Respectfully submitted this 8th day of October, 2021.

**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document was prepared in 13-point Century Schoolbook in compliance with Local Rules 5.1(C) and 7.1(D).


**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com