IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN COWEN, ALLEN BUCKLEY, AARON GILMER, JOHN MONDS, and the LIBERTARIAN PARTY OF GEORGIA, INC., a Georgia nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, Georgia Secretary of State,<br><br>Defendant. | CASE NO.: 1:17cv04660-LMM |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY

This action has been pending for five years, and has involved two rounds of summary judgment motions and appeals to the Eleventh Circuit Court of Appeals. The January 5, 2022 decision by the Eleventh Circuit fully resolved Plaintiffs' claims on the merits. *Cowen v. Sec'y of Ga.*, 22 F.4th 1227 (11th Cir. 2022). The Court should enter final judgment in favor of the Secretary of State consistent with this decision. Because Plaintiffs do not have a legally viable equal protection claim remaining following the Eleventh

1

Circuit's decision, reopening discovery would be a waste of judicial resources and only needlessly delay final judgment in this case.

But even if the Court were to find that it is appropriate to reopen discovery for the limited purpose of allowing Plaintiffs to designate a new expert, the Secretary should be permitted to conduct discovery regarding this new evidence, including designating a rebuttal expert. The Secretary does not know what the opinions of Plaintiffs' new expert will be, and if the new report will differ from that of Darcy Richardson. It would be unfair and prejudicial to only allow Plaintiffs to conduct additional discovery without permitting the Secretary the opportunity to rebut this new evidence.

### A. Reopening discovery is unnecessary because the Secretary is entitled to final judgment on Plaintiffs' equal protection claim.

As an initial matter, final judgment should have been entered in favor of the Secretary on all counts following the Eleventh Circuit's decision. Plaintiffs' Complaint alleged two counts: Count One alleging a violation of the First and Fourteenth Amendments and Count Two alleging a violation of the Equal Protection Clause. (Doc. 1 at 37.) The Eleventh Circuit's decision was in favor of the Secretary on both of these counts. *See Cowen*, 22 F.4th at 1234, 1235.

As the Secretary argued at summary judgment,[1] Plaintiffs' argument that Georgia's petition-signature requirement was enacted with the intent to discriminate against third parties is not a separate legal claim—it is merely an argument made in support of their equal protection claim (Count Two). Evidence of discriminatory intent can be relevant to an equal protection challenge alleging racial discrimination, where the plaintiff must show that a state regulation has both a discriminatory purpose and effect. *See, e.g., Greater Birmingham Ministries v. Sec'y of Ala.*, 992 F.3d 1299, 1321 (11th Cir. 2021); *Burton v. City of Belle Glade,* 178 F.3d 1175, 1188-89 (11th Cir. 1999); *Hunter v. Underwood,* 471 U.S. 222, 227-28 (1985). While Plaintiffs contend that their alleged evidence of discriminatory intent justifies a heightened level of scrutiny to Georgia's petition-signature requirement (*see* Doc. 138 at 13), courts have typically considered discriminatory intent in applying a heightened level of scrutiny only where discrimination against a suspect class is alleged, such as on the basis of race. *See id.*

But where, as here, a plaintiff raises an equal protection challenge to a state *ballot-access* regulation, the Eleventh Circuit has made clear that the

---

[1] The Secretary's second motion for summary judgment was clear that he was moving for summary judgment on "all counts of Plaintiffs' Complaint (Doc. 135)," and all of Plaintiffs' equal protection arguments were extensively briefed by the Secretary (*See* Doc. 135-1 at 21-25; Doc. 149 at 6-14).

appropriate standard of review is the *Anderson-Burdick* framework, where the level of scrutiny is dependent on the severity of the burden imposed by the regulation—not its intent. *Cowen*, 22 F.4th at 1235 ("This Circuit considers equal protection challenges to ballot-access laws under the *Anderson* test."); *see also Independent Party of Fla v. Sec'y, Fla.,* 1277 F.3d 1283-84 (11th Cir. 2020). The Eleventh Circuit applied the *Anderson-Burdick* framework to Plaintiffs' equal protection claim on appeal, and held that Georgia's petition-signature requirement did not violate equal protection. *Id.* This is the end of the inquiry, and there is nothing more for this Court to consider. If Plaintiffs wanted the Court to consider alleged evidence of discriminatory purpose in its application of the *Anderson-Burdick* framework to the petition-signature requirement (even assuming such evidence is relevant), they should have made that argument at the district court level and on appeal, but they did not. Plaintiffs should not be permitted yet another opportunity to resurrect their equal protection claim when the Eleventh Circuit has already fully disposed of it on the merits.

In sum, discovery should not be reopened because the Secretary is entitled to final judgment on all counts, which the Court should enter without further discovery.

### B. Any additional expert discovery should be equally available to both parties.

If the Court finds that it is appropriate to reopen discovery for the limited purpose of allowing Plaintiffs to designate a new expert on the issue of whether Georgia's petition-signature requirement was enacted with a discriminatory purpose, the Secretary should be permitted to conduct discovery regarding this new evidence and to designate a rebuttal expert. Although the Secretary did not designate a rebuttal expert to Darcy Richardson, Plaintiffs' original expert on this topic, that decision was based upon both the qualifications and opinions of Mr. Richardson. The Secretary does not know what the opinions of Plaintiffs' new expert will be, the expert's qualifications to give the opinions, whether the expert will rely upon new information and documents, or if the new expert's report will differ from that of Mr. Richardson. It would be unfair and prejudicial to only allow Plaintiffs to conduct additional discovery without permitting the Secretary the opportunity to fully vet and rebut this new evidence, including with the Secretary's own expert. Accordingly, any order permitting additional discovery should equally permit both parties to conduct expert discovery on this limited issue.

Respectfully submitted, this 6th day of November, 2022.

                CHRISTOPHER M. CARR   112505
                Attorney General
                BRYAN K. WEBB         743580
                Deputy Attorney General
                RUSSELL D. WILLARD     760280
                Senior Assistant Attorney General

/s/ *Charlene S. McGowan*
CHARLENE S. MCGOWAN 697316
Assistant Attorney General

Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
cmcgowan@law.ga.gov
Tel: 404-656-3389

*Counsel for the Secretary of State*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing has been formatted using Century Schoolbook font in 13-point type in compliance with Local Rule 7.1(D).

*/s/Charlene S. McGowan*
Charlene S. McGowan
Assistant Attorney General
