IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN COWEN, ALLEN BUCKLEY, AARON GILMER, JOHN MONDS, and the LIBERTARIAN PARTY OF GEORGIA, INC., a Georgia nonprofit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, Georgia Secretary of State, <br><br> Defendant. | * <br> * <br> * <br> * <br> * CASE NO.: 1:17cv04660-LMM <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

Defendant Brad Raffensperger, Georgia Secretary of State, responds to Plaintiffs' Statement of Additional Facts as follows:

1. Georgia's five-percent petition requirement was adopted in 1943 with racially and politically discriminatory purposes. (Ex. 17 (ECF 69-20) (Richardson decl.); Ex. 24 (ECF 69-27) (Richardson deposition excerpts); Ex. 34 (ECF 69-37) (newspaper articles cited in Richardson decl.); Exs. 58-67.) The Secretary has disputed this fact. (ECF 97 at 10-11.)

1

**Response:** The Secretary objects to Paragraph 1 because it is legal argument and not a statement of fact, and is not supported by the cited record excerpts. The Secretary further objects that whether "Georgia's five-percent petition requirement was adopted in 1943 with racially and politically discriminatory purposes" is not material to Plaintiffs' equal protection claim under the *Anderson-Burdick* test. The Secretary further objects to Exhibits 58 through 67 because they are unauthenticated hearsay.

2. Georgia's five-percent petition requirement had a racially and politically discriminatory effect. (Exs. 59, 62, 67.)

**Response:** The Secretary objects to Paragraph 2 because it is legal argument and not a statement of fact, and is not supported by the cited record excerpts. The Secretary further objects that whether "Georgia's five-percent requirement had a racially and politically discriminatory effect" is not material to Plaintiffs' equal protection claim under the *Anderson-Burdick* test. The Secretary further objects to Exhibits 59, 62, and 67 because they are unauthenticated hearsay.

3. Georgia's five-percent petition requirement was maintained in 1986 with a politically discriminatory purpose. (Ex. 68.)

**Response:** The Secretary objects to Paragraph 3 because it is legal argument and not a statement of fact. The Secretary further objects that whether "Georgia's five-percent requirement was maintained in 1986 with a politically discriminatory purpose" is not material to Plaintiffs' equal protection claim under the *Anderson-Burdick* test.

4. The Libertarian Party of Georgia has Black members and strongly supports racial equality. (Ex. 70.)

**Response:** The Secretary objects to Paragraph 4 because it does not state facts that are material to Plaintiffs' equal protection claim under the *Anderson-Burdick* test. The Secretary objects to Exhibit 70 because it contains testimony by a party not previously disclosed to the Secretary in discovery.

5. Plaintiff John Monds is Black. (Ex. 70.)

**Response:** The Secretary objects to Paragraph 5 because it does not state facts that are material to Plaintiffs' equal protection claim under the *Anderson-Burdick* test. Subject to this objection, the Secretary does not dispute Paragraph 5.

Respectfully submitted, this 4th day of January, 2023.

> CHRISTOPHER M. CARR  112505
> Attorney General
> BRYAN K. WEBB  743580
> Deputy Attorney General
> RUSSELL D. WILLARD  760280
> Senior Assistant Attorney General
>
> /s/ *Charlene S. McGowan*
> CHARLENE S. MCGOWAN 697316
> Assistant Attorney General
>
> Office of the Georgia Attorney General
> 40 Capitol Square SW
> Atlanta, GA 30334
> cmcgowan@law.ga.gov
> Tel: 404-458-3658
>
> *Counsel for the Secretary of State*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing has been formatted using Century Schoolbook font in 13-point type in compliance with Local Rule 7.1(D).

> */s/Charlene S. McGowan*
> Charlene S. McGowan
> Assistant Attorney General