IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| **Martin Cowen**, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, <br><br> Defendant. | Case No. 1:17-cv-04660-LMM <br><br><br> **Plaintiffs' Reply in Support of Their Motion to Alter or Amend the Judgment** |

    The Secretary makes two arguments in opposition to the plaintiffs' motion to alter or amend the judgment. (ECF 224.) First, he argues that the Court didn't need to address the plaintiffs' viewpoint discrimination claim in its summary-judgment order because the plaintiffs' complaint doesn't allege such a claim. (ECF 224 at 3-7.) Second, he argues that the Court didn't need to address the plaintiffs' viewpoint discrimination claim in its summary-judgment order because the plaintiffs abandoned

the claim by choosing not to seek summary judgment on it. (ECF 224 at 7-11.) Neither argument has any merit.

Even though this Court previously recognized that the plaintiffs' discriminatory purpose theory included a viewpoint discrimination claim under the First Amendment (ECF 113 at 9 n.5), the Secretary now argues that the complaint fails to give him fair notice of the claim. (ECF 224 at 3-4.) He has no difficulty identifying precisely where the claim arises (*see* ECF 224 at 5 (citing paragraphs 18, 148, and 149 of the complaint)), and he doesn't explain what allegations he believes are lacking.  He merely suggests that these allegations aren't enough to state a claim.

If the plaintiffs' complaint were defective—and it is not—the cure would not be to grant summary judgment without addressing the claim as the Court did here. The Secretary could have filed a motion for a more definite statement or a motion to dismiss for failure to state a claim. Or he could have addressed the claim on its merits. But he chose not to do any of those things.

It is understandable that the attorneys who prepared the Secretary's third motion for summary judgment might not have

remembered the plaintiffs' viewpoint-discrimination claim. They were not involved in the case when it began six years ago or even when the Court mentioned the claim in a footnote four years ago. But that is no reason for the Court to enter judgment without even addressing the claim. Rather, it's a recipe for further prolonging this case. *See, e.g., Cowen v. Ga. Sec'y of State*, 960 F.3d 1339, 1346-47 (11th Cir. 2020) (reversing this Court for granting summary judgment without separately addressing the plaintiffs' Equal Protection claim).

    The Secretary's second argument also lacks merit. A plaintiff does not abandon a claim by failing to seek summary judgment on a disputed issue of discriminatory purpose. The plaintiffs here did not seek summary judgment on any theory related to discriminatory purpose because that purpose is plainly in dispute. The Secretary contends that Georgia adopted the petition requirement for good-government reasons, and the plaintiffs contend that the State adopted the petition requirement for discriminatory reasons. And both sides have admissible evidence to support their contentions. (*See, e.g.,* ECF 69-37, 73-10.) For that reason, discriminatory purpose was not an issue when the parties filed their first and second motions for summary judgment, and the

plaintiffs raised the claim when the Secretary's third motion for summary judgment took direct aim at discriminatory purpose. The plaintiffs have abandoned nothing here.

The Court just made a mistake when it bought the Secretary's argument—made only in his reply brief—that the plaintiffs had never previously raised a viewpoint discrimination claim. (ECF 211 at 12.) That mistake is apparent from the Court's own acknowledgment of the claim more than four years ago. (ECF 113 at 9 n.5.) The Court should therefore correct the mistake by addressing the plaintiffs' claim on its merits.

Respectfully submitted this 1st day of December, 2023.

**/s/ Bryan L. Sells**
Georgia Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

## Certificate of Compliance

I hereby certify that the forgoing document was prepared in 13-point Century Schoolbook in compliance with Local Rules 5.1(C) and 7.1(D).

**/s/ Bryan L. Sells**
Georgia Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com