IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN COWEN *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-CV-04660-LMM |
| : | |
| BRAD RAFFENSPERGER, *in his* : | |
| *official capacity as Secretary of* : | |
| *State of Georgia*, : | |
| : | |
| Defendant. : | |

## ORDER

This case comes before the Court on Plaintiffs' Motion for Reconsideration [216] and Motion for Leave to File a Supplemental Complaint [226]. After due consideration, the Court enters the following Order.

## I.   BACKGROUND[1]

This case began in 2017 as a challenge to O.C.G.A. § 21-2-170, a state ballot-access law that imposes distinct requirements on third-party and independent candidates for non-statewide offices. After two appeals, Plaintiffs had one remaining claim, alleging that the statute was enacted with a discriminatory purpose in violation of the Equal Protection Clause. The Court granted Defendant's Motion for Summary Judgment on the issue and closed the

---

[1] The Court's prior Orders on summary judgment and the Eleventh Circuit opinions in this case provide a more detailed factual background.

case. Dkt. No. [214]. Now Plaintiffs ask the Court to reconsider its decision, arguing that the Court failed to address an outstanding First Amendment viewpoint discrimination claim. Dkt. No. [216].

Separately, Plaintiffs have filed a Motion for Leave to File a Supplemental Complaint under Federal Rule of Civil Procedure 15(d), based on a new voting law that took effect on July 1, 2024. Dkt. No. [226]. Plaintiffs assert that this development undermines the State's prior arguments in this case and gives rise to a new claim for relief. Id. at 2.

## II.  LEGAL STANDARD

Under the Local Rules of this Court, motions for reconsideration "shall not be filed as a matter of routine practice," but rather, only when "absolutely necessary." L.R. 7.2(E), N.D. Ga. Appropriate grounds for reconsideration include: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (per curiam) (citing Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Comput. Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's Hist., 916 F. Supp. at 1560. The burden is on the movant to establish "extraordinary circumstances supporting reconsideration." Gold Cross EMS, Inc. v. Child. Hosp. of Ala., 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015) (quoting Prescott v. Alejo, No. 2:09-cv-791, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010)).

## III. DISCUSSION

In their Motion for Reconsideration, Plaintiffs do not point to any new evidence or change in applicable law. Instead, Plaintiffs contend only that the Court erred by declining to consider a First Amendment viewpoint discrimination claim under Plaintiffs' discriminatory purpose theory. Dkt. No. [216]. Plaintiffs assert that they have always pursued both a viewpoint discrimination claim and an equal protection claim under that theory.[2] For support, Plaintiffs point to a

---

[2] Plaintiffs argue that the Court acknowledged this viewpoint discrimination claim in a prior Order, but at the same time, Plaintiffs also recognize that the Court later characterized their discriminatory purpose theory as relating only to equal protection. Dkt. No. [216] at 2. While Plaintiffs argue that they have never limited their discriminatory purpose theory to their equal protection claim, they failed to correct Defendant and the Court on this issue until now.

single paragraph in the Complaint that broadly states, "Georgia's ballot-access laws for political-body candidates for U.S. Representative violate rights guaranteed to the plaintiffs by the First and Fourteenth Amendments." Dkt. No. [1] ¶ 148. But Plaintiffs never actually pursued a viewpoint discrimination theory. Plaintiffs' only mention of this theory was in a footnote in their Response to Defendant's First Motion for Summary Judgment, which stated that Plaintiffs' "claims under the First and Fourteenth Amendment or the Equal Protection Clause *could conceivably encompass* a claim of discriminatory intent or viewpoint discrimination." Dkt. No. [96] at 20 n.4 (emphasis added). But Plaintiffs did not go any further to engage in a viewpoint discrimination analysis.

Given the extended litigation in this case, Plaintiffs had various opportunities to raise this issue, including their own Motion for Summary Judgment and their Motion for Relief from Judgment following Cowen II. In fact, in that Motion after Cowen II, Plaintiffs asked the Court to reopen the case to address "the remaining claim," never implying that there were outstanding issues regarding both the First and Fourteenth Amendments. Dkt. No. [195] at 2. Plaintiffs failed to substantively address viewpoint discrimination until their Response to Defendant's Third Motion for Summary Judgment. Thus, assuming that Plaintiffs did originally assert a viewpoint discrimination claim with their bare mention of the First Amendment in their original pleading, it has been long abandoned. See Adams v. City of Montgomery, 569 F. App'x 769, 772 (11th Cir. 2014) ("An issue may be deemed abandoned where a party only mentions an

issue in passing, without providing substantive argument in support." (citing Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998))); Resol. Tr. Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." (citations omitted)). The Court did not commit clear error by declining to address Plaintiffs' purported viewpoint discrimination claim in its prior Order. Therefore, Plaintiffs' Motion for Reconsideration is **DENIED**.

In a separate Motion, Plaintiffs seek leave to file a supplemental complaint based on a new ballot-access provision in Georgia law. Dkt. No. [226]. First, this request is moot because Plaintiffs' case was dismissed with the Court's Order on Defendant's Third Motion for Summary Judgment, leaving Plaintiffs without a pending complaint to supplement. Cf. Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344–45 (11th Cir. 2010) ("Rule 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant. Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." (alteration adopted) (citations omitted) (quoting United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006))).

Additionally, permitting Plaintiffs to supplement their Complaint would unnecessarily delay resolution of this case and would prejudice Defendant by requiring him to defend a new claim after not only the conclusion of discovery, but also a final judgment. See Nance v. Ricoh Elecs., Inc., 381 F. App'x 919, 923 (11th Cir. 2010). This case was first filed in 2017, and in 2023—after two appeals—the Court granted Defendant's Third Motion for Summary Judgment and closed the case. Dkt. No. [214]. Adding a new claim at this late stage of litigation is not appropriate. Instead, as Plaintiffs recognize, they may challenge this new Georgia law provision in a separate case. Dkt. No. [228] at 1–2. Thus, Plaintiffs' Motion for Leave to File a Supplemental Complaint is **DENIED**.

### IV. CONCLUSION

In accordance with the foregoing, Plaintiffs' Motion for Reconsideration [216] is **DENIED**. Plaintiffs' Motion for Leave to File a Supplemental Complaint [226] is also **DENIED**. This case remains **CLOSED**.

**IT IS SO ORDERED** this 26th day of August, 2024.

_____
**Leigh Martin May**
**United States District Judge**